BESSIE McCOTTRELL *et al.*, Co-Administrators of the Estate of Jessie McCottrell, Deceased, Plaintiffs-Appellants, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division) No. 84—2149

Opinion filed July 29, 1985.

Lane & Munday, of Chicago (Fred Lane, Thomas J. Nathan, and Carla Lombardo, of counsel), for appellants.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Mary K. Rochford, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal involves the question of whether the city of Chicago, a municipal corporation, can be held liable for the wilful and wanton acts of its employees committed within the scope of their employment when the individual employees were not named defendants in plaintiffs' cause of action. We find that it can be, and reverse the order of the trial court dismissing plaintiffs' cause.

Plaintiffs, Bessie and Juanita McCottrell, co-administrators of the estate of Jessie McCottrell, deceased, filed the instant lawsuit against the city of Chicago in January 1983. In count III of their complaint, plaintiffs alleged that the wilful and wanton tortious conduct of certain city of Chicago paramedic employees proximately caused the death of Jessie McCottrell. While the specific paramedics were identified in plaintiffs' amended complaint, they were never named as party defendants. The trial court accepted defendants' argument that article II of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 et seq.) dictated the dismissal of plaintiffs' complaint because no individual employee was named a defendant in the suit. That section states:

"A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Ill. Rev. Stat. 1983, ch. 85, par. 2—109.

Plaintiffs themselves concede that, under the theory of *respondeat*

*superior*, defendants' employees must be guilty of wilful and wanton misconduct committed in the course of their employment before defendant itself can be held, because the city, being a corporate entity, can only act through its employees or agents. Plaintiffs contend, however, that the fact that the individual paramedic employees were not named as party defendants does not relieve the city of liability if the wilful and wanton acts alleged in plaintiffs' complaint were in fact committed by those employees. We agree.

■ Our courts have long recognized that in an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master. (*Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162; *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, 410 N.E.2d 552.) Clearly, one need not name each employee of a corporation in a suit for injuries sustained in order to prevail against the corporate employer. Rather, a litigant may sue either the master or the servant, for they are jointly and severally liable. *Lasko v. Meier* (1946), 394 Ill. 71.

Defendant cites *Melbourne Corp. v. City of Chicago* (1979), 76 Ill. App. 3d 595, 394 N.E.2d 1291, *appeal denied*, 79 Ill. 2d 626, for the general proposition that a direct action against a municipality for its employees' tortious conduct is impermissible. There, plaintiff sued the city for damages resulting from the city board of health's refusal to renew its nursing home license pursuant to an ordinance which was later held to be invalid. Section 2—203 of the Tort Immunity Act provided that a public employee acting in good faith, without malice, under the apparent authority of an enactment that is unconstitutional, invalid, or inapplicable is not liable for any injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable. (Ill. Rev. Stat. 1983, ch. 85, par. 2—203.) Plaintiff failed to allege bad faith or malice on the part of the board or its members or any other agent of the city, but sued the city only, contending that the city's liability was direct and primary for its refusal to issue a license. Based on our finding that the city could assert the immunity afforded to its board members for good faith reliance on an ordinance ultimately adjudged invalid, this court held that plaintiff could not evade the effects of the Tort Immunity Act by suing the city itself but not the board officials whose actions or omissions constituted the alleged cause of action. *Melbourne* was therefore factually distinguishable from the case at bar and cannot be construed as to extinguish plaintiffs' cause of action under the present facts.

■ Our reading of the relevant case law indicates an interpreta-

tion of the tort Immunity Act in a manner consistent with the procedure normally followed in suits against principals for the wrongful acts of their agents. (See *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144 (overruling *sub silentio* the majority opinion in *Mills v. County of Winnebago* (1969), 104 Ill. App. 2d 366, 244 N.E.2d 65, upon which defendant relies); *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481; *Hampton v. City of Chicago* (7th Cir. 1973), 484 F.2d 602, *cert. denied* (1974), 415 U.S. 917, 39 L. Ed. 2d 471, 94 S. Ct. 1413-14.) Therefore it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action. See *Mills v. County of Winnebago* (1969), 104 Ill. App. 2d 366, 376 (Davis, J., dissenting).

The judgment of the circuit court is reversed and the cause is remanded with directions to vacate the order of dismissal as to count III and for such further proceedings as are proper under that count.

Reversed in part and remanded with directions.

CAMPBELL and BUCKLEY, JJ., concur.