HAROLD S. LEOW, Plaintiff-Appellant, v. A&B FREIGHT LINE, INC., *et al.*, Defendants-Appellees.

Second District  No. 2—95—0554

Opinion filed December 19, 1995.

DOYLE, J., specially concurring.

Joseph A. Morrissey and Sandra J. Slaga, both of Joseph A. Morrissey & Associates, of Rockford, for appellant.

James P. Devine, of Williams & McCarthy, P.C., of Rockford, for appellees.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiff, Harold S. Leow, initially filed a single-count complaint, naming A&B Freight Line, Inc. (A&B), the sole defendant. Subsequently, plaintiff filed an amended complaint, adding a second count against defendant, Keith Pasch (Pasch). Count I alleged that A&B, through its employee, Pasch, was liable under the doctrine of *respondeat superior* for injuries suffered by plaintiff in a loading dock accident. Count II averred that Pasch's negligent operation of the truck he was driving for A&B resulted in permanent injuries to plaintiff.

Subsequently, Pasch filed a motion to dismiss count II, pursuant to section 2—619(5) of the Code of Civil Procedure (735 ILCS 5/2—619(5) (West 1992)). Said motion alleged that the cause of action occurred on March 11, 1992, and that suit was not filed against Pasch until September 14, 1994, at which time, the relevant statute of limitations had run. The trial court granted Pasch's motion with prejudice. A&B then filed a motion to dismiss count I, arguing that a dismissal with prejudice of an action against an employee operates as an adjudication on the merits as to the employer and, thus, bars an action against the employer under the doctrine of *res judicata*. Subsequently, the trial court dismissed count I, pursuant to Supreme Court Rule 273 (134 Ill. 2d R. 273). This timely appeal followed.

On appeal, plaintiff argues that (1) the trial court erred in finding that *Downing v. Chicago Transit Authority* (1994), 162 Ill. 2d 70, supported its dismissal of count I; and (2) Pasch is not a necessary party to the action against A&B.

Initially, we address plaintiff's argument that *Downing* does not support the dismissal of count I. Plaintiff contends that there has been no adjudication on the merits of count II of the amended complaint and, thus, *res judicata* is not a basis upon which to dismiss count I. In response, A&B argues that plaintiff's narrow reading of *Downing* is incorrect.

In *Downing*, the plaintiff originally filed a complaint against the Chicago Transit Authority (the CTA) and its "unknown employee and agents." (*Downing*, 162 Ill. 2d at 72.) Later, after the relevant statute of limitations had run, the plaintiff filed a second amended complaint against the CTA, which named the CTA's employee, Woodrow Williams, as a defendant. The trial court granted Williams' motion for summary judgment based on the running of the statute of

limitations. The CTA then filed a motion for summary judgment based on the doctrine of *res judicata*. The trial court granted the CTA's motion. At issue before the supreme court was whether the granting of summary judgment in Williams' favor precluded a cause of action against the CTA. The *Downing* court reiterated the elements necessary to prove *res judicata*, namely, (1) there is a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies. (162 Ill. 2d at 73-74.) The *Downing* court determined that the only element of *res judicata* which was in serious dispute was whether the granting of summary judgment in favor of Williams was a final judgment on the merits. The *Downing* court stated:

"Plaintiff asserts that the summary judgment was not an adjudication on the merits, and in support offers a series of arguments that are generally off-point. Plaintiff suggests that Supreme Court Rule 273 [citation] and this court's decision in *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 126, require a ruling that a summary judgment entered because the statute of limitations had run is not a ruling 'on the merits.' Plaintiff also urges that equitable principles require this conclusion.

Rule 273 states that, '[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for a lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.' [Citation.] *As it specifically states, Rule 273 applies only to an involuntary dismissal of an action, such as what occurs when a motion to dismiss under section 2—615 or section 2—619 of the Code of Civil Procedure is granted. A summary judgment is not an involuntary dismissal.*

Further, Rule 273, even if it were to apply, would compel a result opposite of what plaintiff seeks. Plaintiff urges that *res judicata* was inappropriately applied because there was no adjudication on the merits. *However, Rule 273 states that, with certain exceptions not applicable here, involuntary dismissals do indeed operate as judgments on the merits.*

\* \* \*

All three cases cited by defendant involved summary judgment entered after a trial court looked at the facts and decided that, on the merits, no genuine issue existed. None involved summary judgment for failure to meet the statute of limitations.

We disagree that a summary judgment, 'by definition,' means a judgment on the merits. Although a judgment on the merits will oftentimes be the reason for granting summary judgment, this is

not always the case. When a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined. To label such an order as an adjudication on the merits would be the quintessential act of exalting form over substance." (Emphasis added.) (*Downing*, 162 Ill. 2d at 74-75, 77.) Accordingly, the *Downing* court found that the trial court erred in granting the CTA's motion for summary judgment.

■ In the instant case, count II, which averred negligence against Pasch, was dismissed with prejudice pursuant to a section 2—619(5) motion to dismiss, rather than a motion for summary judgment. As the *Downing* court stated, Rule 273 applies only to cases in which there has been an involuntary dismissal of an action, "such as what occurs when a motion to dismiss under *** section 2—619 *** is granted." (162 Ill. 2d at 75.) As such, Rule 273 clearly applies to the case before us, and there can be no doubt that count II was an adjudication on the merits for *res judicata* purposes. Accordingly, we find that the trial court properly found that Rule 273 supported the dismissal of count I against A&B based upon the doctrine of *res judicata*.

■ Finally, plaintiff argues that Pasch was not a necessary party to his action against A&B. We are not persuaded by this argument. As our supreme court in *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, stated:

"Thus, the rule has evolved that a *judgment for either the master or servant*, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence ***." (Emphasis added.) (73 Ill. 2d at 122-23.)

As a result, there is no question that Pasch was a necessary party to plaintiff's action against A&B.

For reasons stated above, we affirm the trial court's judgment.

Affirmed.

HUTCHINSON, J., concurs.

JUSTICE DOYLE, specially concurring:

Although I fully concur in our majority's analysis and conclusion, I write separately to highlight what seems to me to be a fundamental inconsistency between the operation of Rule 273 and the reasoning of *Downing* as applied to the particular facts of this case. As plaintiff points out, it is difficult to see the logic in allowing a defendant's procedural choice of a motion to dismiss over a motion

for summary judgment to control whether the case has been adjudicated on the merits for purposes of foreclosing a *respondeat superior* action against the employer. However, in view of the plain language of Rule 273, and the comments from *Downing,* quoted herein, I agree that no other resolution of this appeal is permissible.