(No. 80438.

HAROLD S. LEOW, Appellant, v. A&B FREIGHT LINE, INC., *et al.* (A&B Freight Line, Inc., Appellee).

*Opinion filed February 6, 1997.*

McMORROW, J., joined by MILLER and FREEMAN, JJ., specially concurring.

Sandra J. Slaga, of Joseph A. Morrissey & Associates, of Rockford, for appellant.

James P. Devine, of Williams & McCarthy, of Rockford, for appellee.

Peter R. Coladarci, Ltd., of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HARRISON delivered the opinion of the court:

On March 11, 1992, plaintiff, Harold Leow, suffered injuries in a loading dock accident. At the time of the accident, plaintiff was using a forklift to load skids containing manufactured products onto a semi-trailer truck owned by defendant A&B Freight Line, Inc., and operated by its employee, defendant Keith Pasch. Plaintiff alleges that without warning, Pasch drove the semi-trailer truck away from the loading dock, causing the forklift which Leow was operating to fall from the loading dock to the concrete floor below.

On March 8, 1994, Leow filed a single-count complaint naming A&B Freight Line, Inc., as the sole defendant. The count alleged that Keith Pasch committed various negligent acts which resulted in injury to plaintiff. The complaint further alleged that A&B Freight Line, through its employee, Pasch, was liable under the doctrine of *respondeat superior* for injuries suffered by Leow. On September 14, 1994, Leow filed an amended complaint adding a second count against Pasch. Count I of the amended complaint named A&B Freight Line and remained identical to the original complaint. Count II, against Pasch, alleged that his negligent operation of the semi-trailer truck resulted in permanent injuries to Leow.

Subsequently, Pasch filed a motion to dismiss count II, pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1994)), claiming that the two-year statute of limitations had run as to him. The trial court granted Pasch's motion to dismiss finding that Pasch was not properly named as a defendant until the amended complaint was filed on September 14, 1994, more than two years after the accident

took place. The ruling was made appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) on September 28, 1994. Leow did not appeal this ruling.

On November 1, 1994, A&B Freight Line filed a motion to dismiss count I of plaintiff's complaint on the grounds that a dismissal with prejudice of an action against A&B Freight's employee, Pasch, barred any action against A&B Freight based on the doctrines of *respondeat superior* and *res judicata*. The trial court granted A&B Freight's motion to dismiss count I on January 31, 1995. The basis for this ruling was that the involuntary dismissal of count II, against Pasch, acted as a prior adjudication on the merits and therefore the doctrine of *res judicata* barred Leow's claim against A&B Freight.

Leow asked the trial court to reconsider its order of January 31, 1995, dismissing count I of his complaint. In his motion for reconsideration and other relief, Leow requested that the trial court amend its first order of September 28, 1994, dismissing count II by inserting language that the dismissal of Pasch was not an adjudication on the merits of the action against A&B Freight. The trial court denied Leow's motion to reconsider.

The appellate court affirmed, with one justice specially concurring. 276 Ill. App. 3d 985. The court held that the involuntary dismissal of count II, on statute of limitations grounds, was a prior adjudication on the merits pursuant to Supreme Court Rule 273 (134 Ill. 2d R. 273), and therefore the dismissal acted as *res judicata* to Leow's claim against A&B Freight. 276 Ill. App. 3d at 988. We granted Leow's petition for leave to appeal. 155 Ill. 2d R. 315. For the reasons which follow, we reverse.

At issue in this appeal is whether Pasch's involuntary dismissal, on statute of limitations grounds, oper-

ates as an adjudication on the merits barring Leow's timely *respondeat superior* claim against defendant, A&B Freight. We look to whether a prior judgment is an adjudication on the merits to determine whether it should be accorded *res judicata* effect against another defendant to the action.

The doctrine of *res judicata* provides that an adjudication on the merits "rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies." *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294 (1992). An adjudication on the merits is an absolute bar to subsequent actions raising the same claims or demands and involving the same parties or their privies. *Progressive Land*, 151 Ill. 2d at 294. Courts have determined that for *res judicata* to bar a subsequent action, three criteria must be met: (1) there must be a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. *Progressive Land*, 151 Ill. 2d at 294.

In this case, the only element of *res judicata* in serious dispute is the first element concerning whether the granting of the involuntary dismissal in favor of Pasch constitutes a final judgment on the merits barring the remaining claim against A&B Freight. The second element of *res judicata* is clearly present since Leow is suing both A&B Freight and Pasch for the same injuries arising out of the same accident. Furthermore, Leow's claim against A&B Freight is based on a theory of vicarious liability and under such a theory the employer and employee are considered to be " 'one and the same' defendant." *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 74 (1994), quoting *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 125 (1978). Therefore, for *res judicata* purposes, A&B Freight is in privity with Pasch and the third ele-

ment is present. The only remaining dispute is whether the first element was established.

Therefore, we need to determine whether the involuntary dismissal of Pasch, due to the two-year statute of limitations running, should operate as an adjudication on the merits barring suit against Pasch's employer. Plaintiff contends that the involuntary dismissal of Pasch could not be considered an adjudication on the merits because the actual merits of Leow's claim were never examined. Plaintiff notes that the only issue the court resolved when it dismissed Pasch was that he was named a party to the lawsuit after the statute of limitations had run. Plaintiff contends that a prior judgment should not be accorded *res judicata* effect, against another defendant to the action, unless the judgment reached the actual merits of the suit. In support, Leow cites to *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70 (1994), a recent decision of this court.

In *Downing*, this court held that a summary judgment order, entered in favor of a bus driver on statute of limitations grounds, was not a *res judicata* bar to a timely *respondeat superior* suit against the Chicago Transit Authority (CTA), which employed him. In *Downing*, a CTA bus driven by defendant Williams struck plaintiff, a bicyclist. Plaintiff filed suit against the CTA and its "unknown employee and agent." As in the case at bar, plaintiff amended his complaint naming both the employee and employer as defendants after the two-year statute of limitations had expired. First, the trial court granted summary judgment in favor of Williams, reasoning that he was not properly named a defendant until more than two years after the accident took place. Subsequently, the trial court granted the CTA's motion for summary judgment and the appellate court affirmed. The basis for these rulings by the lower courts was that "the summary judgment in favor of Williams was a prior

adjudication on the merits, and therefore the doctrine of *res judicata* barred plaintiff's present claims against the CTA." *Downing,* 162 Ill. 2d at 73.

This court reversed. The court determined, as we have here, that the only element of *res judicata* in dispute was whether the judgment releasing the employee from liability was considered an adjudication on the merits. *Downing,* 162 Ill. 2d at 74. In determining whether the summary judgment as to Williams was an adjudication on the merits, this court stated it "cannot ignore the basis on which the summary judgment was granted." *Downing,* 162 Ill. 2d at 77. This court went on to examine the basis for granting summary judgment in *Downing* and reasoned that: "When a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined." *Downing,* 162 Ill. 2d at 77. The *Downing* court held that when the basis for granting summary judgment bears no relationship to the actual merits of the case, "it would be inappropriate to apply the doctrine of *res judicata* to another party to the action." *Downing,* 162 Ill. 2d at 77. Finally, this court concluded that to label a summary judgment order, such as the one in *Downing,* an adjudication on the merits "would be the quintessential act of exalting form over substance." *Downing,* 162 Ill. 2d at 77.

The *Downing* decision seems virtually identical to the case at bar. In both cases, the employers were timely named, but claims against the employees were not added until after the statute of limitations had expired. Both employees received either an involuntary dismissal or summary judgment in their favor based on their statute of limitations defenses. Subsequently, the employers remaining in both suits claimed that the release of their employees, on statute of limitations grounds, operated as adjudications on the merits barring the claims

against them. At issue in both cases was whether these prior judgments should be given *res judicata* effect with respect to the remaining defendants.

As stated, the *Downing* court concluded that the basis for granting summary judgment bore no relationship to the actual merits of the case. Therefore, the court refused to label a summary judgment order on statute of limitations grounds an adjudication on the merits. In the present case, if we apply the reasoning from *Downing* and look to the basis on which the involuntary dismissal was granted, we must also conclude that the actual merits of the action were never examined. In both cases, the only issue the lower courts decided was whether the employees were timely named as defendants. As in *Downing,* the basis for granting the employee's motion bears no relationship to the actual merits of Leow's case. Under this reasoning, it would be improper to apply the doctrine of *res judicata* to another party to the action.

The only distinction which can be drawn between the two cases is the type of procedural device used by the defendant employees to assert their statute of limitations defenses. As stated in *Downing*, the driver filed a motion for summary judgment, while in the case at bar, Pasch filed a section 2—619 motion to dismiss. Defendant A&B Freight contends that the difference between the procedural choice of a motion for summary judgment over a motion to dismiss is critical. Defendant asserts that such a distinction is critical because pursuant to Illinois Supreme Court Rule 273 (134 Ill. 2d R. 273) an involuntary dismissal of an action is deemed an adjudication on the merits for purposes of invoking the doctrine of *res judicata*. Rule 273 states that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper

venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273. Defendant asserts that since the involuntary dismissal of Pasch did not fall under one of these exceptions outlined in Rule 273, and the order of dismissal did not specify otherwise, the judgment in favor of Pasch operated as an adjudication on the merits.

Defendant argues that *Downing* supports this interpretation of Rule 273. The *Downing* court did recognize a distinction between an involuntary dismissal and an order granting summary judgment, stating that Rule 273 only applies to involuntary dismissals such as when a motion to dismiss under section 2—615 or 2—619 is granted. *Downing*, 162 Ill. 2d at 75. Furthermore, the court stated in *dicta* that if Rule 273 had applied in *Downing*, it would compel the opposite result because certain "involuntary dismissals do indeed operate as judgments on the merits." *Downing*, 162 Ill. 2d at 75.

Following *Downing*, this court applied Rule 273 in *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335-36 (1996), to hold that the dismissal of a claim on statute of limitations grounds operated as an adjudication on the merits barring plaintiffs from asserting that claim in a successive action against the same defendants. *Rein*, however, is distinguishable. Unlike that case, the matter before us involves a separate claim against a different defendant.

This distinction is critical. Where a different defendant is involved, as in the present case, Rule 273 cannot be applied mechanically, because doing so would yield absurd and unjust results. If the rule could be invoked here, plaintiff would be precluded from seeking redress from A&B Freight, the employer, simply because he made a belated attempt to join Pasch, the employee. Had he never attempted to join the employee, the action against A&B Freight would have proceeded nor-

mally. Considering that the employee is not even a necessary party to the litigation against the employer in cases such as this (see *McCottrell v. City of Chicago*, 135 Ill. App. 3d 517, 519 (1985)), dismissal of A&B Freight based on plaintiff's delay in adding Pasch makes no sense at all.

To avoid such anomalies, we must look to the purpose and intent of Rule 273 in determining whether a dismissal against one defendant based on statute of limitations grounds should be deemed to be an adjudication on the merits as to a different defendant. Rule 273 was adopted in 1975 and was modeled after Federal Rule of Civil Procedure 41(b). 58 Ill. 2d R. 273, Committee Comments. Therefore, we will examine Rule 41(b) and its history to guide our interpretation of Rule 273. At common law, a dismissal on grounds other than the actual merits of the case would not constitute *res judicata* in a later case. *Madden v. Perry*, 264 F.2d 169, 175 (7th Cir. 1959); *Haldeman v. United States*, 91 U.S. 584, 585-86, 23 L. Ed. 433, 434 (1876). The Supreme Court has stated that it did not discern in Rule 41(b) "a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition." *Costello v. United States*, 365 U.S. 265, 286, 5 L. Ed. 2d 551, 565, 81 S. Ct. 534, 545 (1961). According to the Supreme Court, the *res judicata* effect of Rule 41(b) dismissals was intended to apply to situations where a defendant had to incur the inconvenience of preparing to meet the merits of a controversy. *Costello*, 365 U.S. at 286, 5 L. Ed. 2d at 565, 81 S. Ct. at 545.

Applying these principles, the Supreme Court, in *Costello*, held that the dismissal of a previous complaint in a denaturalization proceeding, for failure to file an affidavit of good cause, was not an adjudication on the merits under Rule 41(b). The Court reasoned that when

determining whether dismissals, not otherwise provided for under the rule, operate as adjudications on the merits, "it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable." *Costello*, 365 U.S. at 286, 5 L. Ed. 2d at 565, 81 S. Ct. at 545. The Court further reasoned that obtaining a dismissal, due to the government's failure to file an affidavit, did not put the petitioner to the trouble of preparing a defense and meeting the merits of the case. *Costello*, 365 U.S. at 287, 5 L. Ed. 2d at 565, 81 S. Ct. at 545. Therefore, the Supreme Court held that the policy behind Rule 41(b) would not be furthered by treating a dismissal for failure to file an affidavit as an adjudication on the merits. *Costello*, 365 U.S. at 287, 5 L. Ed. 2d at 566, 81 S. Ct. at 546.

Accordingly, where separate defendants are involved, we hold that as with Rule 41(b), only those types of involuntary dismissals that serve the policy behind Supreme Court Rule 273 should be treated as adjudications on the merits. Since Rule 273 was modeled after Federal Rule 41(b), the policy behind the rules is the same. As with Rule 41(b) dismissals, the *res judicata* effect of Rule 273 dismissals was also intended to apply to situations where defendants are put to the inconvenience of preparing to meet the merits of the case. Rule 273 was designed to protect a defendant from relitigating the same matter over again after the defendant or his privy was dismissed in a prior proceeding.

That policy is not served by dismissing A&B Freight from this case. From our previous analysis, it is apparent that A&B Freight never had to incur the inconvenience of preparing a defense and meeting the merits of this controversy. In this case, Pasch, A&B Freight's agent, was dismissed from this action for the sole reason that he was not properly named a defendant until after

the statute of limitations had expired. Such an order of dismissal only decides the merits of Pasch's section 2—619 motion and was not a determination of the merits of the underlying claim. Since the merits were never examined, A&B Freight was never put to the inconvenience of preparing a defense. A&B Freight merely asserted that Pasch's involuntary dismissal, on grounds not even in controversy in A&B Freight's suit, acted as *res judicata* to plaintiff's claim against A&B Freight. In effect, Pasch's defense was simply transferred to A&B Freight, and no issues between Leow and A&B Freight were ever actually decided. We conclude that the policy behind Rule 273, and its model, Federal Rule 41(b), would not be furthered by treating an involuntary dismissal on statute of limitations grounds as an adjudication on the merits under these circumstances.

We further find that the fact that the employee in this case utilized a section 2—619 motion to dismiss, rather than a motion for summary judgment, does not warrant a different result from that reached in *Downing*. The policy behind Rule 273 and its federal counterpart supports a decision consistent with the reasoning in *Downing*. To adhere to the policy behind Rule 273, an involuntary dismissal as to the employee, like a summary judgment, should not be automatically labeled a judgment on the merits with respect to the employer. But rather, as directed in *Downing*, the basis on which the judgment was granted should be examined to determine whether the merits of the case were ever considered.

Moreover, on a section 2—619 motion to dismiss, a trial court has even less of an opportunity to examine the real merits of a plaintiff's case than on a motion for summary judgment. On motions for summary judgment, trial courts normally examine pleadings, depositions, admissions on file, and affidavits to determine whether

there is any general issue of material fact to be tried by a jury. *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 517-18 (1993). Section 2—619 motions to dismiss, on the other hand, provide a mechanism for courts to dispose of issues of law based on certain defects and defenses, outlined in the statute. 735 ILCS 5/2—619 (West 1994). In *Downing*, the court already determined that an order granting summary judgment to an agent, on statute of limitations grounds, was not a bar to the action against the principal, the reason being that when summary judgment is granted for failure to meet the statute of limitations, the actual merits of the suit are never examined. *Downing*, 162 Ill. 2d at 77. The standard should not be higher for section 2—619 dismissals, where a court has even less chance to look at the merits of the underlying cause of action. We conclude that there is no reason to treat a section 2—619 motion to dismiss differently than a motion for summary judgment when both motions were granted on the same grounds.

In this case, as in *Downing*, Pasch was dismissed from the suit for reasons bearing no relationship to the actual merits. We conclude that the involuntary dismissal of Pasch was not an adjudication on the merits as to A&B Freight. The first element of *res judicata* was not present in this case; therefore, it was error to grant A&B Freight's motion to dismiss. As in *Downing*, in the present case, plaintiff's action against the principal was not barred by the doctrine of *res judicata*. Accordingly, we reverse the judgments of the circuit and appellate courts and remand to the circuit court for further proceedings.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded.*

JUSTICE McMORROW, specially concurring:

I agree that plaintiff's complaint against A&B Freight should not be dismissed under the doctrine of *res judicata,* but not for the reasons offered by the majority. In my view, the majority's analysis is flawed and likely to cause unnecessary confusion in future cases. I reach this conclusion for several reasons, and write separately to address each in turn.

I

A. Flawed Analysis

The dispositive issue in this appeal is whether an employer may assert the involuntary dismissal of its employee, obtained on statute of limitations grounds, as a basis for its own dismissal by virtue of the doctrine of *res judicata.* That doctrine provides that a final judgment on the merits bars a subsequent action between the same parties or their privies on the same cause of action. *People ex rel. Burris v. Progressive Land Developers, Inc.,* 151 Ill. 2d 285, 294 (1992). Three requirements must be met for *res judicata* to apply: (1) there must be a final judgment on the merits rendered by a court of competent jurisdiction; (2) there must be an identity of causes of action (or defenses); and (3) there must be an identity of parties or their privies. *Progressive Land,* 151 Ill. 2d at 294.

In this case, the majority begins its analysis by noting that "the only element of *res judicata* in serious dispute is the first element concerning whether the granting of the involuntary dismissal in favor of [the employee] constitutes a final judgment on the merits barring the remaining claim against A&B Freight." 175 Ill. 2d at 180. As to the final two elements, the majority concludes:

"The second element of *res judicata* is clearly present since [plaintiff] is suing both A&B Freight and [its employee] for the same injuries arising out of the same ac-

cident. Furthermore, [plaintiff's] claim against A&B Freight is based on a theory of vicarious liability and under such a theory the employer and employee are considered to be ' "one and the same" defendant.' " 175 Ill. 2d at 180, quoting *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 74 (1994).

Despite this early conclusion that the same claim and same party requirements have been satisfied, the majority later insists that "the matter before us involves a *separate* claim against a *different* defendant." (Emphasis added.) 175 Ill. 2d at 184. The majority then uses this fact, *i.e.*, the existence of a different defendant, to ultimately conclude that the first element of *res judicata* has not been satisfied. See 175 Ill. 2d at 186 ("where separate defendants are involved, we hold that *** only those types of involuntary dismissals that serve the policy behind Supreme Court Rule 273 should be treated as adjudications on the merits"). The majority supports this novel theory by further suggesting that Supreme Court Rule 273, which provides that all involuntary dismissals operate as adjudications on the merits unless the dismissal was for lack of jurisdiction, improper venue, or failure to join an indispensable party, should be interpreted differently depending upon the party which invokes the rule. According to the majority, "[w]here a *different* defendant is involved, as in the present case, Rule 273 cannot be applied mechanically ***." (Emphasis added.) 175 Ill. 2d at 184.

I do not believe that Rule 273 should be interpreted differently merely because a different defendant is involved. On the contrary, whether a judgment is or is not an adjudication on the merits under Rule 273 does not depend upon whether there is an identity of parties, as in the case of *res judicata*. Rather, it depends solely on whether the dismissal at issue falls within one of the three exceptions specified in the rule. See *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 122 (1978) (holding that in-

voluntary dismissals for reasons other than those specified by Rule 273 are adjudications on the merits). Where, as here, none of the three exceptions apply, the dismissal operates as an adjudication on the merits. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996).

In *Rein*, we held that a dismissal of an action based on the running of a statute of limitations constituted an adjudication on the merits by virtue of Rule 273. *Rein*, 172 Ill. 2d at 335-36. In that case, plaintiffs filed an eight-count complaint against a securities dealer and its agents, seeking, *inter alia,* to rescind an agreement to purchase certain bonds. The circuit court dismissed the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1994)). The court held that the action was barred by the applicable statute of limitations. After an unsuccessful appeal, plaintiffs returned to the circuit court and attempted to replead the rescission counts. The court again dismissed the action, this time ruling that the claims were barred by the doctrine of *res judicata.* We affirmed that ruling on appeal, noting that the prior dismissal on statute of limitations grounds served as an adjudication on the merits. Justice Miller, writing for a unanimous court, held as follows:

> "Supreme Court Rule 273 provides that, '[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.' 134 Ill. 2d R. 273. As this court has previously stated, Rule 273 applies only to an involuntary dismissal of an action, such as that which occurs when a motion to dismiss under section 2—615 or 2—619 of the Code is granted. *Downing*, 162 Ill. 2d at 74-75. Therefore, under Rule 273, the trial judge's decision to grant defendant's motion to dismiss the rescission counts in *Rein I* based on the applicable statute of limitations is a final adjudication on the merits and operates as a final

judgment on the merits for purposes of *res judicata.* See *Downing,* 162 Ill. 2d at 74-75." *Rein,* 172 Ill. 2d at 335-36.

Our holding in *Rein* is wholly consistent with the plain language of Rule 273. That rule specifies that *only* involuntary dismissals based on (i) lack of jurisdiction, (ii) improper venue, or (iii) failure to join a necessary party shall not operate as adjudications on the merits, unless the order of dismissal or a statute states otherwise. 134 Ill. 2d R. 273. The rule does not exempt involuntary dismissals based on the running of the statute of limitations. Such dismissals, therefore, are adjudications on the merits. *Towns v. Yellow Cab Co.,* 73 Ill. 2d 113, 122 (1978). That was the conclusion reached by this court in *Rein,* and that has been the unanimous conclusion reached by our appellate court. *Greenfield v. Ray Stamm, Inc.,* 242 Ill. App. 3d 320, 327 (1993) (holding that dismissal based on statute of limitations constitutes an adjudication on the merits); *Sankey Brothers, Inc. v. Guilliams,* 152 Ill. App. 3d 393, 398 (1987); *Muscare v. Voltz,* 107 Ill. App. 3d 841, 843 (1982). Consequently, there can be no dispute over whether the type of dismissal involved in this case, *i.e.,* a dismissal for failure to file a complaint within the applicable limitations period, constitutes an adjudication on the merits pursuant to Rule 273.

Notwithstanding the above, the majority asserts that "[u]nlike [*Rein*], the matter before us involves a separate claim against a different defendant." 175 Ill. 2d at 184. The majority believes that this distinction is "critical" because "[w]here a different defendant is involved, as in the present case, Rule 273 cannot be applied mechanically, because doing so would yield absurd and unjust results." 175 Ill. 2d at 184. Thus, from the majority's point of view, the existence of a different defendant in this case is relevant because it purportedly affects the way in which we should interpret Rule 273. I

question the validity of the majority's argument on this point.

Although I agree with the majority that the existence of a separate claim and a different defendant distinguishes the instant case from *Rein*, I do not think that this distinction is relevant in terms of how we should construe Rule 273. In my view, this distinction simply has nothing to do with that rule or its application. Rather, the existence of a separate claim and a different defendant is relevant in determining whether the final two elements of *res judicata* have been satisfied. After all, it is the doctrine of *res judicata*, and not Rule 273, which speaks in terms of separate claims and different defendants. Indeed, as noted above, three requirements must be satisfied before courts will apply the doctrine of *res judicata*: there must be a final judgment on the merits, an identity of causes of actions, and an identity of parties or their privies. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294 (1992). In contrast, the applicability of Rule 273 does not turn on whether separate claims or different parties exist. A review of the plain language of that rule reveals that the sole concern of Rule 273 is the determination of whether an order of dismissal will be treated as an adjudication on the merits. Nothing in the language of the rule supports the notion that the existence of different defendants should result in a different interpretation. Thus, there is no basis for the majority's contention that our analysis of Rule 273 should vary, or that the rule should be less than "mechanically" applied, simply because a separate claim or a different defendant is involved.

Accordingly, to the extent that my colleagues view *Rein* as factually distinguishable from the instant case, I agree. I do not, however, believe that *Rein* is distinguishable in terms of construing Rule 273, as the major-

ity erroneously posits. Unlike the majority, I think that *Rein* is distinguishable only in the context of the doctrine of *res judicata*. In *Rein*, we barred any further litigation between the parties because all three elements of *res judicata* were satisfied. In this case, not all of the elements of *res judicata* are present. As the majority repeatedly points out, the case at bar involves a separate claim and a different defendant; therefore, the doctrine of *res judicata* does not apply.

## B. Inapposite Federal Precedent

Because of its insistence on deciding this case in terms of Rule 273 rather than on the basis of the final two elements of *res judicata*, the majority is forced to continue its analysis by relying on inapposite case law in an attempt to circumvent the plain language of Rule 273. Noting that our own rule shares a common heritage with Federal Rule of Civil Procedure 41(b), the majority cites to the United State's Supreme Court's decision in *Costello v. United States*, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534 (1961). *Costello*, however, did not involve a dismissal of an action based on the running of a statute of limitations. Instead, the Court in *Costello* merely held that a dismissal of a complaint in a denaturalization proceeding for the failure to file an affidavit of good cause did not constitute an adjudication on the merits under Rule 41(b). In reaching that conclusion, the Court specifically noted that such dismissals were equivalent to dismissals for "lack of jurisdiction." *Costello*, 365 U.S. at 285, 5 L. Ed. 2d at 564, 81 S. Ct. at 544. The Supreme Court further observed that dismissals for lack of jurisdiction were expressly exempt from the effect of Rule 41(b), which, like our Rule 273, provides in pertinent part: " 'Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for *lack of jurisdiction*

or for improper venue, operates as an adjudication upon the merits.' " (Emphasis added.) *Costello*, 365 U.S. at 284, 5 L. Ed. 2d at 564, 81 S. Ct. at 544, quoting Fed. R. Civ. P. 41(b). Consequently, the Supreme Court had no difficulty in finding that the dismissal of a complaint for failure to file the requisite affidavit, which it likened to a dismissal for lack of jurisdiction, was not an adjudication on the merits.

I do not find *Costello* persuasive in resolving the precise issue presented in the case at bar. Indeed, the opinion in *Costello* contains not one reference to statutes of limitations, dismissals obtained through them, or their effect under Rule 41(b). Yet *Costello* is the sole federal case cited by the majority, and it is the majority which believes that federal case law, rather than state law precedent, is controlling. Even if federal precedent were controlling, my research reveals that the federal judiciary has uniformly held that an involuntary dismissal obtained on statute of limitations grounds constitutes an adjudication on the merits under Rule 41(b). See *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127 (10th Cir. 1991) (dismissal on limitations grounds constitutes an adjudication on the merits) (citing, *inter alia*, *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044 (5th Cir. 1989), *Rose v. Town of Harwich*, 778 F.2d 77 (1st Cir. 1985), and *Johnson v. Burnley*, 887 F.2d 471 (4th Cir. 1989)); see also *Schoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir. 1989) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir. 1983), *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894 (2d Cir. 1983), and *Nathan v. Rowan*, 651 F.2d 1223 (6th Cir. 1981)). In fact, the very analysis utilized by today's majority was rejected by the Fourth Circuit Court of Appeals in *Schoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir. 1989), where plaintiffs tried unsuccessfully to apply the *Costello* rationale to the statute of limitations question.

In sum, I do not agree with the majority that the proper resolution of the *res judicata* issue presented in this case turns upon the meaning of Rule 273. In my view, it is not the first element of *res judicata* (adjudications on the merits) which is at issue here, but rather the final two elements (identity of claims and parties). But even if I did agree with the majority in this respect, I would not be swayed by their citation to federal case law. For these reasons, I do not place any credence on the majority's reliance on *Costello*.

## II

At the outset, I pointed out the internal inconsistency in the majority's analysis of the issue presented for our review. On the one hand, the majority holds that the final two elements of *res judicata* have been satisfied because (i) plaintiff is suing for the same injuries arising out of the same accident, and (ii) A&B Freight and its employee are considered to be " 'one and the same' defendant." 175 Ill. 2d at 180. On the other hand, the majority spends the remainder of its opinion arguing that this case actually involves a separate claim against a different defendant. I would now like to offer an explanation as to why I think that the majority, perhaps unwittingly, falls victim to its own analysis, and why my approach to resolving the *res judicata* issue merits future consideration by this court.

The record in the instant case reveals that plaintiff filed a timely complaint against A&B Freight on March 8, 1994. The complaint alleged that plaintiff suffered injuries as a result of certain negligent acts committed by one of A&B Freight's employees. Plaintiff later filed an amended complaint in which he attempted to add the employee as a party defendant. Because this second complaint was not filed within the applicable limitations period, the employee moved to dismiss the complaint pursuant to section 2—619(a)(5) of the Code of

Civil Procedure. The circuit court granted the motion to dismiss. Shortly thereafter, A&B Freight also moved to dismiss plaintiff's complaint. A&B Freight argued that it could no longer be liable under the theory of *respondeat superior* since its employee had been dismissed from the case. In support of this argument, A&B Freight relied upon what is now referred to as the *Towns* doctrine, named after the case in which it finds its most prominent expression. *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113 (1978). This doctrine may be summarized as follows:

> "When an action is brought against a master based on the alleged negligent acts of his servant, and no independent wrong is charged on behalf of the master, his liability is entirely derivative, being founded upon the doctrine of *respondeat superior*. In this regard, it has been said that the liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one. *** A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable." *Towns*, 73 Ill. 2d at 123-24.

Relying on this doctrine, the circuit court granted A&B Freight's motion to dismiss, ruling that the order dismissing the employee barred any further action against A&B Freight under the principles of *res judicata*. The appellate court affirmed, finding that all of the elements of *res judicata* had been met. 276 Ill. App. 3d 985. On appeal before this court, A&B Freight once again invokes the *Towns* doctrine. Unfortunately, the majority summarily accepts A&B Freight's argument without fully considering the ramifications of that decision. As a result, the majority is compelled to hold that A&B Freight and its employee are deemed " 'one and the same' defendant" (175 Ill. 2d at 180) despite the fact that the majority later realizes that this case actually

involves different defendants.[1] See, *e.g.*, 175 Ill. 2d at 184-85.

In my view, however, the *Towns* doctrine does not apply to the facts of this case. In *Towns*, this court recognized the general principle that a prior judgment for an employee will ordinarily terminate the employer's liability due to the fact that the latter's liability is entirely derivative. *Towns*, 73 Ill. 2d at 123-25. In other words, if a trier of fact determines that an employee was not negligent, then the employer cannot be held liable under the theory of *respondeat superior*. On the other hand, if the judgment in favor of the employee is based solely on a defense that is personal to the employee, such as an expired statute of limitations, then the employee's actual negligence has never been determined. Under these circumstances, the employer may still be found liable under the theory of *respondeat superior*. See, *e.g.*, Restatement (Second) of Judgments § 51 (1982) (judgment against plaintiff based on defense personal to one defendant not given *res judicata* effect in subsequent litigation against another defendant who may be vicariously liable). In such a scenario, the *Towns* doctrine would not apply.[2] To hold otherwise would lead to the unsound result that an employer

---

[1]To support its contention that the employer and employee are one and the same "defendant," the majority cites *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 74 (1994), which in turn quoted from *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 125 (1978). However, the court in *Towns* merely stated that the employer and employee are considered one and the same "tortfeasor" (meaning simply that the acts of the employee will be attributed to the employer under the theory of *respondeat superior*) and not one and the same "defendant," as suggested by the majority. *Towns*, 73 Ill. 2d at 124. The fact remains that the employer and the employee have always been treated as separate defendants for litigation purposes. Each must be served with a complaint, each may raise personal defenses, and each remains jointly and severally liable.

[2]It is important to keep in mind that the court in *Towns* did

who was *timely* sued would be dismissed from a case simply because its employee was sued after the statute of limitations had expired. The absurdity of that scenario stems from the fact that the employee is not even a necessary party to the employer's litigation.[3] The Nebraska Supreme Court recently utilized this very analysis when considering the same issue under principles identical to those found in *Towns*. *Kocsis v. Harrison*, 249 Neb. 274, 543 N.W.2d 164 (1996).

In *Kocsis*, plaintiffs brought a medical malpractice action against a doctor and his employer, the Omaha Primary Care Associate, P.C. (hereinafter the Clinic). The trial court granted summary judgment in favor of the doctor, ruling that plaintiffs' complaint was barred by the applicable statute of limitations. Subsequently, the trial court granted the Clinic's motion for summary judgment, concluding that under the doctrine of *respondeat superior*, the Clinic could no longer be liable because the plaintiffs' complaint against the doctor was time-barred. In reversing the trial court, the Supreme Court of Nebraska acknowledged that "[i]f an employee is not liable, the employer cannot be liable under the

---

not have occasion to pass upon the effect of a judgment obtained pursuant to a personal defense such as a statute of limitations. Accordingly, I do not suggest that *Towns* be overruled, but merely clarified with respect to such judgments.

[3] As the majority points out, had the plaintiff in this case elected not to join the employee in his pending suit against A&B Freight, as is his prerogative under Illinois law (see *McCottrell v. City of Chicago*, 135 Ill. App. 3d 517, 519 (1985)), then the statute of limitations defense would never have been raised and his suit against A&B Freight would have continued uninterrupted in its normal course. It was only because plaintiff attempted to amend his complaint to add the employee as a party defendant that the statute of limitations issue arose at all. I do not think that the outcome of litigation should depend on such fortuitous events; rather, cases should be determined upon their facts in light of each party's respective legal position.

doctrine of respondeat superior." *Kocsis*, 249 Neb. at 280, 543 N.W.2d at 169. The court noted, however, that "it is also well established that a plaintiff is not required to join the employee when suing the employer under the doctrine of respondeat superior." *Kocsis*, 249 Neb. at 280, 543 N.W.2d at 169. The court then stated:

"We hold that when a plaintiff initiates an action under the theory of respondeat superior against an employer before the statute of limitations has run as to the employee, the plaintiff need not sue both the employer and employee to prevent his action from being time barred. The controlling statute of limitations applicable to the employer is that which would apply to the employee. Therefore, if the action is brought within the limitations period that applies to the employee's tortious conduct, the action is not time barred as to the employer whose liability is solely vicarious." *Kocsis*, 249 Neb. at 280, 543 N.W.2d at 169.

I find the reasoning in *Kocsis* persuasive. Therefore, I would also hold that when a plaintiff files a *timely* suit against an employer and later seeks to join its employee as a party defendant, the plaintiff's *timely* complaint against the employer should not be dismissed simply because the employee successfully raises the statute of limitations in his or her own defense. I would further hold that the *Towns* doctrine does not apply in that situation, and that the second and third elements of *res judicata* (identity of claims and parties) have not been satisfied. In this way, this court would not have to engage in a disingenuous interpretation of Rule 273 in a contrived attempt to characterize that which is an adjudication on the merits as not an adjudication on the merits.

For the foregoing reasons, I concur only in the judgment of the court.

JUSTICES MILLER and FREEMAN join in this special concurrence.