Brandy DeLONG and Betty
DeLong, Plaintiffs,

v.

Jason ARMS, et al., Defendants.

Civil No. 06–77–GFVT.

United States District Court,
E.D. Kentucky,
Southern Division at Pikeville.

May 20, 2008.

Order Denying Reconsideration
June 25, 2008.

Eric E. Ashley, Hazard, KY, for plaintiffs.

Jonathan C. Shaw, Porter, Schmitt, Banks & Baldwin, Paintsville, KY, for defendants Johnson County, Chester Griffith, and Big Sandy Regional Detention Center.

Roger L. Massengale, Law Offices of Roger Massengale, Paintsville, KY, for defendant K–VA–T Food Stores, Inc.

## ORDER

GREGORY F. VAN TATENHOVE,
District Judge.

This matter is before the Court on the Motion for Leave to Amend the Complaint and for an Extension of Time for Issuance of Summons filed by the Plaintiffs, Brandy Delong and Betty Delong ("the Delongs"). [R. 133.] Also before the Court is a Motion to Dismiss Claims Against John Doe or in the Alternative Motion for Judgment on the Pleadings filed by Defendants, Johnson County, Big Sandy Regional Detention Center, and Chester Griffith ("Johnson County Defendants"). [R. 132.] The Johnson County Defendants and Defendant, K–VA–T Food Stores, Inc., d/b/a Food City, Inc. ("Food City") filed Responses to the Delongs' Motion [R. 134 and 138] and the Delongs filed a Reply. [R. 140.] The Delongs filed a Response to the Johnson County Defendants' Motion to Dismiss [R. 137] and the Johnson County Defendants filed a Reply. [R. 139.] Additionally, the Court requested and the Delongs filed a Supplemental Memorandum addressing their position on relation back of an amended complaint to their original Complaint. [R. 144.] The matter is now ripe for review. For the reasons set forth below, the Delongs' Motion for Leave to Amend the Complaint and for an Extension of Time for Issuance of Summons [R. 133] will be denied. The Johnson County Defendants' Motion to Dismiss Claims Against John Doe or in the Alternative Motion for Judgment on the Pleadings [R. 132] will be denied as moot.

### I.

### BACKGROUND

For the sake of judicial economy, the Court will adopt and incorporate fully herein the discussion of this action as set forth in the December 21, 2007, Order. [R. 122 at 2–3.] In sum, this action arises from incidents that occurred on April 9, 2005, when the Delongs, twenty-six year old Brandy Delong ("Brandy") and her mother, Betty Delong ("Betty"), were shopping at the Food City in Paintsville, Kentucky. Brandy allegedly took two DVDs and attempted to leave the store without paying for them. Food City employees stopped her and questioned her in a private room in the back of the store. During the questioning, Paintsville Police Department members arrived, arrested Brandy, and took her to Big Sandy Regional Detention Center where she was detained for approximately six (6) hours. Plaintiffs then filed the instant action.

Defendants filed three separate Motions for Summary Judgment, which were granted in part and denied in part in the Court's December 21, 2007, Order. [R. 122.] The following claims survived summary judgment: 1) official capacity claims under 42 U.S.C. § 1983 against Defendant John Doe as agent of Johnson County and/or Big Sandy Regional Detention Center in Counts 16 through 18 of the First Amended Complaint; 2) a respondeat superior claim against Food City in Count 28; and 3) a false imprisonment claim against Defendant Jane Doe as employee of Food City.

Soon after the Court issued its December 21, 2007, Order, the Johnson County Defendants filed a Motion for Reconsideration, in which they first raised the argument that "there has been no entry of appearance on behalf of John Doe or Jane Doe in this matter and these unknown individuals have neither been served, filed an answer, nor moved for summary judgment." [R. 126 at 1.] The Johnson County Defendants also first raised the argument that the Delongs had not identified the Doe Defendants. [*Id.*] The Court denied the Motion for Reconsideration as procedurally improper. [R. 131.]

Immediately after the Court denied the Motion for Reconsideration, the parties filed the instant Motions. On February 20, 2008, the Delongs sought leave to file an amended Complaint naming the Doe Defendants and for a 60 day extension of time in which to effectuate service. On the same date, the Johnson County Defendants moved to dismiss the claims against John Doe pursuant to Fed.R.Civ.P. 12(b), or, alternatively, for a judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c). While Food City filed a Response to the Delongs' Motion, it has not filed its own Motion to Dismiss.

## II.

### DISCUSSION

■ Fed.R.Civ.P. 4(m) provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Delongs filed their initial Complaint [R. 2] on April 5, 2006 and their First Amended Complaint [R. 21] on May 31, 2006. The Delongs first attempted to name the Doe Defendants through their Motion for Leave to Amend filed February 20, 2008, thus they have violated the 120 day window provided by Rule 4(m). While Rule 4(m) requires the Court to extend the time for service for an appropriate period where plaintiff shows *good cause for the failure to serve a defendant* within the 120 day window, the Delongs have failed to show good cause. Indeed, the Delongs' only stated basis for failing to name the Doe Defendants is "mere oversight." [R. 133 at 1.] For this reason, and pursuant to Rule 4(m), the Delongs' Motion must be denied and the claims asserted against the Doe Defendants must be dismissed.

■ While normally a dismissal under Rule 4(m) is *without* prejudice, this observation, "while technically correct, is of little practical relevance given the fact that even if [the Delongs] were permitted to re-file [their] claim[s] today, [they] would be barred by the applicable statute of limitations." *Petty v. County of Franklin*, 478 F.3d 341, n. 3 (6th Cir.2007) (*citing* 3 Moore's Federal Practice § 4.82[3] ("[A]ny dismissal ordered [under Rule 4(m)] after expiration of the statute of limitations for failure to establish good cause will be, in effect, with prejudice since plaintiff will be precluded from commencing a new action.") (citing various circuit court decisions)). The statute of limitations has run on the causes of action against the two Doe Defendants that arose on April 9,

2005. *See Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir.1990) (applying one year statute of limitations for § 1983 actions under Kentucky law); *Cissell v. KFC Corp.*, 2007 WL 3227571, at *2 (Ky. App. November 2, 2007) ("the one-year statute of limitations in KRS 413.140 applies to [ ] claims for negligence [and] unlawful imprisonment....."). Thus the claims against the Doe Defendants are dismissed with prejudice.

■ The Delongs argue that their proposed Amended Complaint should relate back to the date of the initial Complaint, thus preserving the claims against the Doe Defendants. Fed.R.Civ.P. 15(c) allows for an amendment that changes a party or the name of a party against whom a claim is asserted, to relate back to the original complaint if four requirements are satisfied:

(1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint.

*Coy v. Louisville Jefferson Metro Government*, 2007 WL 3342368, at *3 (W.D.Ky. November 7, 2007); Fed.R.Civ.P. 15(c).

Of the above, the requirement of mistake concerning the identity of the proper party serves to bar relation back under Rule 15(c) in the instant case. This is a situation not of mistake but of lack of knowledge of the proper party. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996) (*citing In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449–50 (6th Cir.1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973)). "[A]n amendment [relates] back only where

there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party." Ford v. Hill*, 874 F.Supp. 149, 153 (E.D.Ky.1995) (*quoting Wilson v. United States*, 23 F.3d 559, 563 (1st Cir.1994) (emphasis in original)). Since the Delongs were not in error but instead lacked knowledge as to the identity of the Doe Defendants, there is no relation back under Rule 15(c).

Although the Delongs cite Kentucky Rule of Civil Procedure 15.03 as the appropriate rule governing relation back, Fed.R.Civ.P. 15(c) instead applies to the instant situation. While the relevant state law, here Kentucky, provides the statute of limitations for both the § 1983 claims raised in Counts 16 through 18 and the pendent state law claims in Counts 28 and 29, *Collard*, 896 F.2d at 182, Fed.R.Civ.P. 15(c) provides the procedure for relation back. *See Johansen v. E.I. DuPont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir.1987). Although it addressed a situation where a federal court was sitting in diversity rather than exercising its federal question and pendent jurisdiction, the *Johansen* Court's analysis is instructive. It held that "[w]hen a federal rule of civil procedure specifically covers a particular situation, a federal diversity court is required to apply the federal rule unless application of the federal rule violates the [Rules] Enabling Act or the Constitution." *Id. (citing Hanna v. Plumer*, 380 U.S. 460, 470, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). "Rule 15(c) is a truly procedural rule because it governs the in-court dispute resolution processes rather than the dispute that brought the parties into court; consequently, it does not transgress the Rules Enabling Act." *Id.*

With the dismissal under Rule·4(m) of the claims against all Doe Defendants, the official capacity claims under 42 U.S.C. § 1983 against Defendant John Doe as agent of Johnson County and/or Big Sandy Regional Detention Center in Counts 16 through 18 of the First Amended Complaint are dismissed. Thus, the Johnson County Defendants' Motion to Dismiss Claims Against John Doe or in the Alternative Motion for Judgment on the Pleadings [R. 132] is denied as moot.

▪ The false imprisonment claim against Defendant Jane Doe as employee of Food City is also dismissed. Thus, the claim contained in Count 28 against Food City is the sole remaining claim in this action. It is made under the theory of respondeat superior based on the negligent acts of the Jane Doe employee of Food City. While the Jane Doe employee is not a party to this action, this does not bar a claim against Food City, who is properly before the Court. The employee whose negligence caused the plaintiffs' injuries is not a necessary or indispensable party to an action to establish the employer's respondeat superior liability. *See, e.g., McCottrell v. Chicago*, 135 Ill. App.3d 517, 90 Ill.Dec. 258, 481 N.E.2d 1058, 1059 (1985); *Wiedenfeld v. Chicago & North Western Transportation Co.*, 252 N.W.2d 691, 695 (Iowa 1977); *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo Inc.*, 510 Pa. 1, 507 A.2d 1, 12 (1986).

## III.

### CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** as follows:

(1) Plaintiffs' Motion for Leave to Amend the Complaint and for an Extension of Time for Issuance of Summons [R. 133.] is **DENIED**;

(2) Defendants' Motion to Dismiss Claims Against John Doe or in the Alternative Motion for Judgment on the Pleadings [R. 132] is **DENIED AS MOOT**;

(3) Counts 16, 17,18, and 29 of Plaintiffs' First Amended Complaint [R. 21] are **DISMISSED WITH PREJUDICE**;

(4) The Jury Trial currently scheduled for June 9, 2008, is **CONTINUED GENERALLY**; and

(5) A scheduling conference is set for **Tuesday, June 17, 2008**, at **4:00 p.m.** in **Pikeville, Kentucky.**

### ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on the Motion for Reconsideration filed by Plain-

tiffs, Brandy Delong and Betty Delong ("the Delongs"). [R. 146.] The Delongs urge reconsideration of the Court's May 20, 2008, Order [R. 145] which denied Plaintiffs' Motion for Leave to Amend the Complaint and for an Extension of Time for Issuance of Summons [R. 133] and dismissed Counts 16, 17,18, and 29 of Plaintiffs' First Amended Complaint [R. 21]. Defendants, Johnson County, Big Sandy Regional Detention Center, and Chester Griffith ("Johnson County Defendants"), filed a Response. [R. 147.] Defendant, K–VA–T Food Stores, Inc. ("Food City"), also filed a Response. [R. 148.] The matter is now ripe for review. For the reasons set forth below, and in accordance with Fed.R.Civ.P. 59, the Motion for Reconsideration will be denied.

## I.

### BACKGROUND

For the sake of judicial economy, the Court will adopt and incorporate fully herein the discussion of this action as set forth in the May 20, 2008, Order. [R. 145.] In sum, this action arises from incidents that occurred on April 9, 2005, when the Delongs, twenty-six year old Brandy Delong ("Brandy") and her mother, Betty Delong ("Betty"), were shopping at the Food City in Paintsville, Kentucky. Brandy allegedly took two DVDs and attempted to leave the store without paying for them. Food City employees stopped her and questioned her in a private room in the back of the store. During the questioning, Paintsville Police Department members arrived, arrested Brandy, and took her to Big Sandy where she was detained. Plaintiffs then filed the instant action.

## II.

### DISCUSSION

The Court interprets the Delongs' Motion as a motion pursuant to Fed.R.Civ.P. 59(e), which allows for parties to file motions "to alter or amend judgments . . ." so long as those motions are "filed no later than 10 days after entry of judgment." Such a motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Ameri-*

*can Intern. Underwriters,* 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). Newly discovered evidence is evidence that previously was unavailable. *Id.* A Rule 59(e) motion "is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) (*citing FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)) ("Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." (internal citations and quotation marks omitted) (emphasis in original)).

The Delongs have met the temporal requirement. However they have failed to meet the other requirements for a motion under Rule 59(e). Their arguments for reconsideration can be summarized as follows. First, it is inequitable to dismiss the claims against the Doe Defendants from this action, and, as a policy matter, doing so would reward defendants for withholding the identity of Doe defendants. Second, there is authority from the Southern District of New York allowing constructive notice in a circumstance factually similar to that in the instant case where a group of government officials are represented by the same counsel. The Delongs' arguments fail to raise a clear error of law, newly discovered evidence, an intervening change in controlling law, or show that reconsideration is necessary to prevent manifest injustice. For this reason their Motion must be denied. Simply, it is improper for the Delongs to employ a Motion for Reconsideration as a vehicle to reargue these issues before the Court

## III.

### CONCLUSION

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the Delongs' Motion for Reconsideration [R. 146] is **DENIED.**