(Nos. 83119, 83171 cons

OSCAR DeLUNA, Adm'r of the Estate of Alicia De-Luna, Deceased, Appellee, v. DR. MICHAEL TREISTER et al., Appellants.

*Opinion filed February 19, 1999.*

RATHJE, J., took no part.

Ruth E. VanDemark and Ralph N. Glader, of Chicago, for appellant Michael R. Treister.

Robert Marc Chemers and Scott L. Howie, of Pretzel & Stouffer, Chrtd., of Chicago, for appellant St. Elizabeth's Hospital.

Michael W. Rathsack, of Chicago (Eloy Burciaga, of counsel), for appellee.

Stanley L. Tucker, of Hartzell, Glidden, Tucker & Hartzell, of Carthage, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE McMORROW delivered the opinion of the court:

In this medical malpractice action, plaintiff Oscar DeLuna, as administrator of the estate of Alicia DeLuna, filed a single-count complaint in the circuit court of Cook County against defendants Michael Treister, M.D., and St. Elizabeth's Hospital. Plaintiff alleged that Dr. Treister negligently caused decedent's death and that St. Elizabeth's, as Dr. Treister's employer, shared vicarious liability for decedent's death. The circuit court ruled that the doctrine of *res judicata* barred plaintiff's claim against Dr. Treister, and granted Dr. Treister's motion to dismiss. The circuit court ruled further that the dismissal of Dr. Treister necessitated the dismissal of plaintiff's *respondeat superior* action against St. Elizabeth's.

The appellate court reversed, with one justice dissenting.

We granted defendants' petitions for leave to appeal

(166 Ill. 2d R. 315) and now must decide whether: (1) an involuntary dismissal for failure to comply with section 2—622 of the Illinois Code of Civil Procedure (735 ILCS 5/2—622 (West 1994)) constitutes an "adjudication upon the merits," as defined in Illinois Supreme Court Rule 273 (134 Ill. 2d R. 273); (2) an allegedly vicariously liable principal must be dismissed from a lawsuit when the principal's agent is dismissed for reasons unrelated to the merits of plaintiff's claim(s); and (3) plaintiff's claim against the hospital is barred by the statute of limitations.

## BACKGROUND

This is the second time this matter is before this court. The present appeal, which we may refer to as *De-Luna II*, cannot be understood absent a recitation of pertinent events occurring in the first appeal, which we identify as *DeLuna I. DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57 (1992).

### DeLuna I

On April 16, 1986, plaintiff Guadalupe DeLuna,[1] as administrator of the estate of decedent Alicia DeLuna, filed a six-count complaint, alleging that during an operation to perform a lumbar laminectomy, defendant Michael Treister, M.D., negligently cut decedent's left common iliac artery, and failed to timely discover and correct his negligent error. Plaintiff further alleged that Dr. Treister's negligence caused decedent to exsanguinate and eventually die. Plaintiff also asserted that St. Elizabeth's Hospital, as Dr. Treister's employer, was vicariously liable for decedent's injuries and death.

---

[1]Oscar DeLuna is the eldest child of Alicia and Guadalupe De-Luna. Guadalupe filed the *DeLuna I* action individually and as special administrator of Alicia's estate. During the pendency of the *DeLuna I* appeal, Guadalupe died. Oscar succeeded as special administrator of his late mother's estate. For ease of understanding, we refer to both Guadalupe and Oscar as "plaintiff."

Citing section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)), St. Elizabeth's moved to dismiss plaintiff's claims against the hospital. Plaintiff failed to file an affidavit, required by section 2—622 of the Code (735 ILCS 5/2—622 (West 1994)), attesting to a review of plaintiff's claims by a health professional, and failed to file a report from the health professional stating that plaintiff alleged a reasonable and meritorious cause of action. The circuit court granted the motion and dismissed St. Elizabeth's without prejudice on October 23, 1986.

On February 25, 1987, the circuit court dismissed all counts against Dr. Treister on identical grounds. The order dismissing Dr. Treister was entered with prejudice.

Plaintiff chose not to file the section 2—622 affidavit and report, but instead appealed the orders dismissing the defendants, in order to challenge the constitutionality of section 2—622. The appellate court reversed, and held section 2—622 unconstitutional. *DeLuna v. St. Elizabeth's Hospital*, 184 Ill. App. 3d 802 (1989).

On appeal, this court found the affidavit and report requirements of section 2—622 constitutional, and affirmed the circuit court's decision to dismiss with prejudice the negligence counts asserted against Dr. Treister. *DeLuna I*, 147 Ill. 2d at 75-76. To this end, the court expressly rejected plaintiff's request that the "action *** be remanded so that the necessary affidavit and report [could] be filed." *DeLuna I*, 147 Ill. 2d at 76. We were precluded from granting plaintiff's request because plaintiff elected, at the time of dismissal, to challenge the constitutionality of section 2—622 (*DeLuna I*, 147 Ill. 2d at 76), instead of exercising his option to seek leave to refile the action with the required documentation (134 Ill. 2d R. 273). Accordingly, we "decline[d] to order further proceedings." *DeLuna I*, 147 Ill. 2d at 76.

Also, this court dismissed plaintiff's appeal from the

circuit court's order dismissing St. Elizabeth's without prejudice. Plaintiff had appealed the order pursuant to Supreme Court Rule 304(a), which permits appeals from certain orders, so long as the orders are "final and appealable," and the circuit court finds that there is no just reason to delay enforcement or appeal of the orders. 155 Ill. 2d R. 304(a). Because the circuit court dismissed St. Elizabeth's without prejudice, we held that the order of dismissal lacked the finality necessary to appeal the order under Rule 304(a). *DeLuna I*, 147 Ill. 2d at 76. Therefore, it was not a "final and appealable order" subject to review by either this or the appellate court. *DeLuna I*, 147 Ill. 2d at 76.

## DeLuna II

On November 10, 1993, plaintiff refiled his medical malpractice action against St. Elizabeth's and Dr. Treister. Plaintiff's single-count complaint also named a third defendant, Dr. T. Kolather, who was subsequently voluntarily dismissed from the lawsuit.

The allegations set forth in the *DeLuna II* complaint were virtually identical to those asserted in the *DeLuna I* complaint. The parties in both suits were identical, except for the replacement of Guadalupe DeLuna with Oscar DeLuna as administrator of the estate.

Dr. Treister filed a motion to dismiss the 1993 complaint. Dr. Treister argued that his prior dismissal with prejudice in *DeLuna I* was a dismissal "on the merits" under Supreme Court Rule 273. 134 Ill. 2d R. 273. Continuing, Dr. Treister maintained that when, as here, a court has addressed the merits of a prior, identical claim involving identical parties, the doctrine of *res judicata* bars further litigation of the claim. Dr. Treister therefore insisted that plaintiff's claims in *DeLuna II* were *res judicata* as to him. The circuit court granted Dr. Treister's motion to dismiss with prejudice.

St. Elizabeth's filed a separate motion to dismiss the

complaint, arguing that the *res judicata* doctrine also barred plaintiff's renewed action against the hospital. In denying this motion, the circuit court held that the dismissal entered in favor of St. Elizabeth's in *DeLuna I* had been without prejudice and thus did not reach the merits of the plaintiff's claim.

However, the circuit court granted St. Elizabeth's subsequent motion to dismiss, which challenged the hospital's purported derivative liability to plaintiff. Where *respondeat superior* is the sole theory of liability asserted against a principal, the hospital insisted, the dismissal with prejudice of the principal's agent from the lawsuit compels dismissal of the principal, as well. Stated differently, the hospital argued that the derivative liability of the principal depends on a finding of liability against the principal's agent; if the agent will never be found liable, then, logically, the principal may not be found liable, either.

Plaintiff appealed the orders dismissing St. Elizabeth's and Dr. Treister. A divided appellate court reversed the circuit court. 286 Ill. App. 3d 25. Regarding plaintiff's lawsuit against Dr. Treister, the appellate majority ruled that plaintiff's failure to comply with section 2—622 in *DeLuna I* was a purely procedural fault that did not require the circuit court to reach the merits of the case. 286 Ill. App. 3d at 33-35. The appellate court likened dismissals for failure to comply with section 2—622 with dismissals for "lack of jurisdiction," which are explicitly excepted from the operation of Rule 273. 286 Ill. App. 3d at 38. Thus, the court reasoned, the dismissal was not on the merits and the doctrine of *res judicata* did not apply. 286 Ill. App. 3d at 38. The appellate court found that the dismissal of St. Elizabeth's was also in error, since the hospital's agent, Dr. Treister, had been improperly dismissed from *DeLuna II*. 286 Ill. App. 3d at 38.

We granted petitions for leave to appeal filed by Dr.

Treister and by St. Elizabeth's. 166 Ill. 2d R. 315(a). The Illinois Trial Lawyers Association was granted leave to file an *amicus curiae* brief in support of plaintiff's position. 155 Ill. 2d R. 345(a). For the reasons stated below, we reverse the decision of the appellate court as to Dr. Treister, and affirm the appellate court's conclusion that plaintiff's case against St. Elizabeth's may proceed.

## ANALYSIS

### I. Whether the Circuit Court Erred in Dismissing Plaintiff's Cause of Action Against Dr. Treister

Dr. Treister argues that the appellate majority erred in finding that the dismissal of Dr. Treister in *DeLuna I* was not "on the merits," as that phrase is employed in Rule 273. 134 Ill. 2d R. 273. We agree. Rule 273 and prior decisions of this court applying the rule lead us to conclude that the circuit court's dismissal of Dr. Treister in *DeLuna I* was a dismissal on the merits. Therefore, plaintiff was precluded by *res judicata* principles from renewing his claim against Dr. Treister in *DeLuna II*.

The doctrine of *res judicata* bars the refiling of an action previously adjudicated on the merits when the action is directed against the same parties and involves the same claims. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). The doctrine applies if three conditions are satisfied: (1) a final judgment on the merits has been entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical in both lawsuits. *Rein*, 172 Ill. 2d at 335.

At bar, the parties concur that the second and third conditions have been satisfied. The instant dispute centers only on the first condition, namely, whether the dismissal of plaintiff's claims against Dr. Treister in *DeLuna I* constituted a disposition on the merits.

Relying on Rule 273, Dr. Treister maintains that it was. The Rule states:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

The straightforward application of Rule 273 to the present matter indicates that the dismissal of Dr. Treister in *DeLuna I* was "an adjudication upon the merits." The circuit court involuntarily dismissed, with prejudice, all counts pleaded by plaintiff against Dr. Treister. The basis of the dismissal neither was lack of jurisdiction or venue, nor did plaintiff fail to join an indispensable party. On the day the order was entered, plaintiff did not seek, and the circuit court did not include in the order, a statement allowing plaintiff to amend his action, or to file the documents required by section 2—622. In addition, no statute automatically guaranteed plaintiff these opportunities. Under the plain language of Rule 273, therefore, the dismissal of the claims against Dr. Treister was an adjudication on the merits.

The result urged by Dr. Treister is also compatible with precedents established by this court. In *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335, 336 (1996), the plaintiffs filed suit against the defendant securities dealers, alleging that the defendants fraudulently misled plaintiffs as to the nature of securities sold by the defendants to the plaintiffs. The circuit court dismissed with prejudice the rescission counts filed by the plaintiffs, finding those counts barred by the statute of limitations set forth in the Illinois Securities Law. Ill. Rev. Stat. 1989, ch. 121½, par. 137.13(D). Three years later, the plaintiffs sued the same parties, again seeking rescission of the purchase of securities. The trial court dismissed the second action as *res judicata* and we affirmed the circuit court order.

Like the present appeal, the identity of claims and

parties was not at issue before this court in *Rein*. The sole question was whether the dismissal of the rescission counts in the first lawsuit constituted a judgment on the merits. We held that it did, because "Rule 273 applies only to an involuntary dismissal of an action, *such as that which occurs when a motion to dismiss under section 2—615 or 2—619 of the Code is granted.*" (Emphasis added.) *Rein*, 172 Ill. 2d at 335-36. Thus, in *Rein*, "the trial judge's decision to grant defendants' motion to dismiss the rescission counts in *Rein I* based on the applicable statute of limitations is a final adjudication on the merits and operates as a final judgment on the merits for purposes of *res judicata.*" *Rein*, 172 Ill. 2d at 335-36. See also *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 75 (1994) (with certain exceptions, involuntary dismissal operates as a judgment on the merits).

In the instant matter, Dr. Treister relied on section 2—619 of the Code to obtain dismissal of plaintiff's claims against him. 735 ILCS 5/2—619 (West 1994). The dismissal was by definition involuntary, and absent the conditions and exceptions set forth in Rule 273, a dismissal on the merits. Indeed, we reached this conclusion once before in this very same case. See *DeLuna I*, 147 Ill. 2d at 76.

Despite this precedent and the clear language of Rule 273, a majority of the appellate court ruled in *DeLuna II* that no adjudication on the merits occurred. 286 Ill. App. 3d at 33. The majority declared that a dismissal could be deemed a final judgment on the merits only if the circuit court actually reached the merits of the case. 286 Ill. App. 3d at 33. The appellate court reasoned further that a dismissal "with prejudice" did not necessarily mean that the dismissal was on the merits. 286 Ill. App. 3d at 32. The appellate majority's rationale is incorrect.

First, by insisting that the circuit court must give the plaintiff his "day in court" to air the merits of plaintiff's

claims (286 Ill. App. 3d at 33), the appellate court misstated the plaintiff's rights and misconstrued the intent animating Rule 273. The courts and the legislature have never hesitated to truncate a litigant's "day in court" where facts indicate that the merits need not, or as a matter of fairness should not, be reached. Consequently, some of the provisions in the Code of Civil Procedure restrict access to our courts, such as statutes of limitation and repose, minimal jurisdictional requirements and discovery requirements. A failure to satisfy these and like provisions can justifiably arrest a plaintiff's progress in the court system, long before plaintiff has ever enjoyed his so-called day in court.

Similarly, Rule 273 is intended to curb the number of times a plaintiff can resurrect a dismissed action. *Leow v. A&B Freight Line, Inc.*, 175 Ill. 2d 176, 186 (1997). If a plaintiff's action is involuntarily dismissed for a reason not expressly excepted by the rule, and if plaintiff does not procure leave of court to refile the complaint, or if a statute does not guaranty that opportunity to the plaintiff, then the rule *deems* the dismissal a dismissal on the merits. That is the purpose of the rule.

In this case, Rule 273 fulfilled its intended purpose. Plaintiff knowingly defied a statutory pleading requirement, in order to challenge the constitutionality of the requirement. Plaintiff could have requested leave to satisfy section 2—622, and/or refile his complaint. *McCastle v. Sheinkop*, 121 Ill. 2d 188, 191 (1987). He chose not to do so. Had Rule 273 not operated in precisely the manner intended, plaintiff could have refiled the action yet again. The rule therefore preempted potentially needless litigation.

Additionally, we need not address the appellate majority's assertion that a dismissal with prejudice is not synonymous with a dismissal on the merits. 286 Ill. App. 3d at 32. The appellate majority's assertion unnecessar-

ily embellishes the plain terms of Rule 273. The inclusion of "with prejudice" in the order dismissing Dr. Treister is not dispositive of whether the dismissal was an adjudication upon the merits. Rule 273 is triggered by an involuntary dismissal for a reason other than those specifically excepted. 134 Ill. 2d R. 273; *Downing*, 162 Ill. 2d at 75. While the inclusion of *"without* prejudice" in an order signals the circuit court's intent to allow a plaintiff to refile an action (see *Bond v. Dunmire*, 129 Ill. App. 3d 796, 802 (1984)), the inclusion of "with prejudice" in an order does not, alone, trigger Rule 273.

The appellate majority next concluded that the United States Supreme Court's interpretation of Federal Rule of Civil Procedure 41(b) (Fed. R. Civ. P. 41(b)), from which we derived Rule 273 (*Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 125 (1978)), should control interpretation of our Rule 273. 286 Ill. App. 3d at 35. Specifically, the appellate court cited *Costello v. United States*, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534 (1961), for the proposition that a dismissal for failure to file a section 2—622 affidavit and report constituted a dismissal for "lack of jurisdiction" and thus was not an adjudication on the merits. Consequently, the doctrine of *res judicata* would not bar plaintiff's second action against Dr. Treister and the hospital. 286 Ill. App. 3d at 35.

In *Costello*, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534, the federal government initiated a denaturalization proceeding against the defendant. The federal district court dismissed the action, because the government failed to file a statutorily mandated affidavit of good cause with the complaint. The government filed a new action, with the proper affidavit, and succeeded in winning revocation of defendant's citizenship.

On appeal, the defendant argued, *inter alia*, that the second denaturalization proceeding was barred by operation of Rule 41(b) of the Federal Rules of Civil Proce-

dure. Fed. R. Civ. P. 41(b). That rule deems all but a few, excepted dismissals to be dismissals on the merits:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

The United States Supreme Court ruled in favor of the government, however. The Court equated the failure to file the necessary affidavit with a failure of jurisdiction. *Costello*, 365 U.S. at 285, 5 L. Ed. 2d at 564, 81 S. Ct. at 544-45. According to the *Costello* Court, "dismissals for lack of jurisdiction" encompass more than dismissals for lack of authority over the subject matter or the parties: they include any failure of the plaintiff to satisfy a "precondition of suit," such as neglecting to file a statutorily mandated affidavit. *Costello*, 365 U.S. at 285-86, 5 L. Ed. 2d at 565, 81 S. Ct. at 545.

The Court also compared Rule 41(b) dismissals with traditional common law practice, where only dismissals that reached the merits of a case could later form the basis of a motion to bar relitigation of that action. Whether a dismissal reached the merits of a claim, moreover, was judged by whether the defendant was compelled to mount a defense to the dispositive allegations of the plaintiff's lawsuit.

In *Costello*, the United States Supreme Court found that the defendant never presented a defense in response to the substantive allegations of the government's claim. Further, the failure to file the affidavit of good cause was no more than a failure to satisfy a precondition of suit. The Court thus held that Rule 41(b) did not preclude pursuit of the second denaturalization proceeding.

*Costello*, 365 U.S. at 287-88, 5 L. Ed. 2d at 566, 81 S. Ct. at 546.

Subsequent to the appellate court's issuance of its *DeLuna II* opinion in 1996, we have had an opportunity to consider whether, and to what extent, the federal courts' interpretation of Rule 41(b) should influence application of our own Rule 273. In 1997, this court issued its opinion in *Leow v. A&B Freight Lines, Inc.*, 175 Ill. 2d 176 (1997). There, the plaintiff filed a personal injury action against A&B Freight, under a theory of *respondeat superior*, for injuries allegedly caused by an employee of A&B. In an amended pleading, the plaintiff sued the A&B employee, as well as A&B. The employee successfully moved to dismiss the claim against him, charging that it violated the applicable statute of limitations.

Invoking the doctrine of *res judicata*, A&B moved to dismiss the claim against it. A&B asserted that the involuntary dismissal of its employee constituted an adjudication on the merits and, because A&B's employee was no longer liable to plaintiff, A&B's derivative liability was erased, as well. The circuit court granted A&B's motion.

A majority of this court reversed the circuit court's ruling. *Leow*, 175 Ill. 2d at 188. In relevant part, the majority adopted the *Costello* interpretation of Rule 41(b) as a proper interpretation of Rule 273. *Leow*, 175 Ill. 2d at 186. However, the court specifically limited the applicability of the *Costello* test —whether the basis for dismissal forced the defendant to prepare to meet the merits of plaintiff's claim—to instances where "separate defendants are involved." *Leow*, 175 Ill. 2d at 186. Where the party that procures an involuntary dismissal in a case is the same party that later asserts that the dismissal was a "final adjudication on the merits," then whether an adjudication on the merits actually occurred is determined by applying Rule 273 according to its plain terms. *Leow*, 175 Ill. 2d at 184. But where the party seeking to

invoke the doctrine of *res judicata* is relying on the prior dismissal of a claim against a *different* party, then, *Leow* concluded, the prior dismissal must have caused the defendant to prepare to address the actual merits of plaintiff's claim before the dismissal will be deemed "on the merits." *Leow*, 175 Ill. 2d at 184-86.

Therefore, as to Dr. Treister, *Leow* merely reaffirmed the holdings of *Rein*, *Downing* and *DeLuna I*, that Rule 273 should be applied according to its unambiguous terms. The involuntary dismissal of plaintiff's claims against Dr. Treister in *DeLuna I* falls squarely within the operation of Rule 273 and constitutes an adjudication on the merits. The circuit court correctly dismissed plaintiff's complaint against Dr. Treister in *DeLuna II* as *res judicata*.

Additionally, the section 2—622 affidavit and report requirement cannot be analogized to a dismissal for lack of jurisdiction. As we stated in *DeLuna I*, the affidavit and report demanded by section 2—622 are intended to discourage frivolous claims. *DeLuna I*, 147 Ill. 2d at 70-71. This pleading requirement has no bearing on the authority or jurisdiction of a circuit court to decide a personal injury action or to grant the relief sought by a plaintiff. The failure to comply with section 2—622 will not make plaintiff's complaint vulnerable to collateral attack on the basis that the court lacks jurisdiction at any point in the litigation. Further, a defendant may waive the affidavit requirement. *Nikolic v. Seidenberg*, 242 Ill. App. 3d 96, 102 (1993).

In *In re Custody of Sexton*, 84 Ill. 2d 312 (1981), this court squarely addressed the question of whether technical pleading requirements, like those of section 2—622, are "jurisdictional," and held that they were not. In *Sexton*, the plaintiff neglected to file an affidavit, as required by statute, with his petition to modify a child custody order. The defendant did not object to plaintiff's

failure to file the required affidavit, and raised the fact of plaintiff's oversight only on appeal. The defendant argued that, in the absence of adherence to the statute's pleading requirements based on plaintiff's failure to file the affidavit, the trial court lacked jurisdiction to rule on the plaintiff's petition. This court disagreed. A statutory pleading requirement that is mandatory is not necessarily jurisdictional. Under the then-governing Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610), which contained the affidavit requirement, it was held that the requirement was not jurisdictional in nature: the failure to file the affidavit could be waived and was not intended as a limitation on the court's jurisdiction to decide matters of child custody. Clearly, a dismissal for failure to comply with the mandatory affidavit and report filing requirements of section 2—622 is a dismissal for deficiencies in a pleading. The failure to comply with filing requirements does not deprive the court of jurisdiction over the lawsuit because of the omission.

## II. Whether the Circuit Court Erred by Dismissing Plaintiff's Cause of Action Against St. Elizabeth's Hospital

Having concluded that the circuit court properly dismissed the claim against Dr. Treister under the doctrine of *res judicata*, we now turn to the disposition of plaintiff's claim against the hospital in *DeLuna II*. This issue must be decided separately, since the circuit court dismissed the counts asserted against St. Elizabeth's in *DeLuna I without* prejudice. According to plaintiff, the dismissal without prejudice precludes a Rule 273 finding that the dismissal was on the merits, and thereby further precludes an application of the *res judicata* doctrine.

However, the circuit court accepted St. Elizabeth's argument that, because the hospital's purported liability derived solely from its employment of Dr. Treister, a dis-

missal of Dr. Treister with prejudice required that the hospital be dismissed, as well. For this result, the circuit court presumably relied on cases such as *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 124 (1978), where this court noted that an employer's derivative liability depends entirely on the liability of its employee, so that for litigation purposes, they are considered one and the same tortfeasor. If the employee is adjudged not liable, the employer must necessarily be found not liable, as well. See *Towns*, 73 Ill. 2d at 122-23.

### A. The Dismissal Was Final Only As to Dr. Treister

The proper disposition of the plaintiff's claim against the hospital lies in the Restatement (Second) of Judgments. The Restatement observes that, while the dismissal of an agent generally compels dismissal of any vicarious liability claim against the principal, a judgment against a plaintiff based on a defense "personal" to one defendant does not have a *res judicata* effect in subsequent litigation against a different defendant who might be vicariously liable. Restatement (Second) of Judgments § 51 (1982).

In this case, both Dr. Treister and the hospital relied on plaintiff's refusal to comply with section 2—622 to move for dismissal of *DeLuna I*. Yet only one defendant, Dr. Treister, was dismissed in a manner that precluded plaintiff from amending his complaint or resubmitting it with a section 2—622 affidavit and report. Therefore, the defenses articulated by Dr. Treister and St. Elizabeth's in *DeLuna II* were substantively different. By virtue of Rule 273, only Dr. Treister could assert a prior adjudication upon the merits that prevented plaintiff from further pursuing his medical malpractice action against the physician. That defense, unavailable to the hospital, was "personal" to Dr. Treister. Consequently, the hospital was not entitled to dismissal of plaintiff's *respondeat superior* action on the basis that Dr. Treister had been dismissed.

This court finds as well that allowing the case to proceed against St. Elizabeth's best comports with our obligation to do justice. Had plaintiff chosen to do so, plaintiff could have sued St. Elizabeth's alone for decedent's injuries and death. Dr. Treister was not a necessary party. We believe it would be particularly unfair to permit St. Elizabeth's to avoid liability merely because of its employee's fortuity in obtaining an involuntary dismissal from plaintiff's lawsuit, where that dismissal did not otherwise absolve the employee of fault.

*B. The Statute of Limitations for Medical Malpractice Actions Does Not Bar Plaintiff's Cause of Action Against the Hospital*

Nevertheless, St. Elizabeth's argues that even if plaintiff's claim against the hospital is not barred by the doctrine of *res judicata*, the allegations asserted against the hospital in *DeLuna II* are precluded by the controlling statute of limitations, citing 735 ILCS 5/13—212(a) (West 1994). St. Elizabeth's maintains that the dismissal of the hospital in *DeLuna I* was as "final" as the dismissal of Dr. Treister, even though the dismissal of the hospital in *DeLuna I* was made "without prejudice." St. Elizabeth's reasons as follows: when the circuit court dismissed plaintiff's complaint against the hospital in *DeLuna I* without prejudice, the proper action for plaintiff to take would have been to refile the action against the hospital immediately, with the documentation required by section 2—622. Instead, plaintiff chose to appeal the nonfinal order dismissing the hospital. By the time this court dismissed plaintiff's appeal in 1992, the four-year limitations period governing medical malpractice claims (735 ILCS 13—212(a) (West 1994)) had expired, and thus, the *DeLuna II* complaint, with respect to the hospital, was barred by the statute of limitations at the time plaintiff refiled the complaint in 1993.

Although the basis for the hospital's argument is not

entirely clear, the hospital then urges that, by operation of the statute of limitations, the dismissal of the hospital in *DeLuna I* eventually acquired the same degree of finality as the dismissal of Dr. Treister. Following this reasoning to its conclusion, the hospital would have us find that the dismissals of the hospital and Dr. Treister in *DeLuna I* were both "with prejudice" and that the *res judicata* doctrine applies equally to both defendants. As best we can discern, the linchpin of St. Elizabeth's argument is the four-year statute of limitations[2] governing medical malpractice actions. 735 ILCS 5/13—212(a) (West 1994). If we determine that the statute expired in 1990, four years after decedent's death, then we must decide whether the expiration of that limitations period barred plaintiff's cause of action against the hospital in *DeLuna II*. If, however, we find that plaintiff's cause of action is not barred by the statute of limitations, then, as to St. Elizabeth's, *DeLuna II* may proceed.

Plaintiff's complaint in *DeLuna II* alleges that defendants' medical negligence, occurring on April 7, 1986, caused the death of decedent Alicia DeLuna on April 8, 1986. The complaint seeks damages pursuant to Illinois' Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1992)). All of the named beneficiaries to the instant lawsuit, including administrator Oscar DeLuna, were under 18 years of age on April 8, 1986. The minority limitations set forth in the wrongful death statute provide that a wrongful death beneficiary under age 18 at the time the cause of action accrues "may [file a wrongful death action] within 2 years after attainment of the age of 18." 740 ILCS 180/2 (West 1992). The limitations statute governing medical malpractice actions states, in

---

[2]Section 13—212(a) actually prescribes a two-year limitation period and a four-year period of repose. However, for the sake of clarity, we will use the terminology adopted by the hospital, and refer to section 13—212(a) solely as a statute of limitation.

pertinent part, that where the person entitled to bring the action was under 18 at the time the cause of action accrued, the claim shall be filed no later than eight years after the act or omission causing injury or death, and in no event may a claim be filed after the claimant's 22nd birthday. 735 ILCS 5/13—212(b) (West 1992). The time for filing a cause of action had not yet expired for these beneficiaries as of November 10, 1993, the date plaintiff filed *DeLuna II*. Therefore, we hold that plaintiff's lawsuit against St. Elizabeth's is not time-barred and, on remand, may proceed.

## CONCLUSION

For the reasons stated above, we reverse in part and affirm in part the decision of the appellate court. Accordingly, we also reverse the decision of the circuit court as to the dismissal of St. Elizabeth's Hospital. As to Dr. Treister, we affirm the dismissal entered by the circuit court. The cause is remanded to the circuit court for further proceedings.

*Appellate court judgment affirmed*
*in part and reversed in part;*
*circuit court judgment affirmed*
*in part and reversed in part;*
*cause remanded.*

JUSTICE RATHJE took no part in the consideration or decision of this case.