DAVID SHERROD, Plaintiff-Appellant, v. C.P. RAMASWAMY *et al.*, Defendants-Appellees.

Fifth District    No. 5—99—0454

Opinion filed June 20, 2000.

Barbara J. Clinite, of Chicago, for appellant.

Richard F. Record, Jr., and Katy C. Fain, both of Craig & Craig, of Mattoon, for appellee Rajendra Shroff.

Eric J. Dirnbeck, of Benton, for appellee C.P. Ramaswamy.

JUSTICE KUEHN delivered the opinion of the court:

Plaintiff David Sherrod (Sherrod) appeals from the trial court's June 3, 1999, order dismissing count I of his complaint against defendants C.P. Ramaswamy, M.D., and Rajendra Shroff, M.D., with prejudice. The case continued against a third defendant doctor, and so this case comes to us on appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). We affirm.

Sherrod was incarcerated at Big Muddy Correctional Center in Ina, Illinois. During his incarceration, he experienced severe abdominal pain necessitating health care. Defendants Rajendra Shroff, M.D. (Dr. Shroff), and C.P. Ramaswamy, M.D. (Dr. Ramaswamy), treated Sherrod at the health care unit at Big Muddy Correctional Center. Sherrod was also transported on at least one occasion to Franklin Hospital, where he was seen by defendant Richard O'Hair, M.D. Although not immediately diagnosed, the severe abdominal pain was caused by Sherrod's appendix. The appendix ultimately ruptured and a portion of his colon became gangrenous, requiring surgery.

Sherrod filed suit against both Dr. Shroff and Dr. Ramaswamy, as well as against Franklin Hospital, in the United States District Court

for the Southern District of Illinois, attaching a certificate and physician's report to the complaint. Dr. Shroff and Dr. Ramaswamy filed motions to dismiss based upon the insufficiency of the physician's report. On July 3, 1997, Magistrate Judge Frazier concluded that the physician's report was insufficiently specific and recommended that the medical negligence count against Dr. Shroff and Dr. Ramaswamy be dismissed. Judge Gilbert adopted those recommendations by written order dated December 5, 1997. The order did not state that the dismissal was without prejudice. The balance of the suit, consisting of the claim against Franklin Hospital and a civil rights claim against Dr. Shroff and Dr. Ramaswamy, continued until ultimately the court entered judgment in favor of the defendants.

Sherrod then refiled his suit against Dr. Shroff and Dr. Ramaswamy in state court. The medical negligence portion of the suit had been in federal court via pendent jurisdiction—pendent to the civil rights claims, as federal jurisdiction would not otherwise have existed. Once judgment had been entered against Sherrod on the federal claims, he no longer had a basis for federal court jurisdiction as to the medical negligence claims. Thus, he refiled his medical negligence claims in state court. In the state court case, Sherrod added a defendant—Richard O'Hair, M.D.

Sherrod's state court complaint was sent to the Franklin County circuit clerk's office by way of Federal Express on December 4, 1998. The Federal Express package was received by a court employee on Monday, December 7, 1998. No one in the clerk's office stamped the complaint as filed until Wednesday, December 9, 1998.

At issue in this appeal is count I, against Dr. Shroff and Dr. Ramaswamy. Sherrod makes the same claims of medical negligence as those filed in the federal case. He also alleges that the complaint is being filed within the one-year time frame for refilings in cases dismissed without prejudice. Although it was not cited in his complaint, we believe that Sherrod refers to a dismissal pursuant to section 13—217 of the Code of Civil Procedure (Code) (735 ILCS 5/13—217 (West 1996)), which allows for a refiling after certain limited dismissals in a federal court. In April 1999, defendants Dr. Shroff and Dr. Ramaswamy filed motions to dismiss, contending in part that a dismissal for failure to file the appropriate physician's report pursuant to section 2—622 of the Code (735 ILCS 5/2—622 (West 1996)) operated as a dismissal on the merits. In other words, they argued that the physician's report was not a jurisdictional requirement. As the case had previously been dismissed, they sought a dismissal in this case pursuant to section 2—619(a)(4) of the Code (735 ILCS 5/2—619(a)(4) (West 1996)), arguing that Sherrod's refiling of the case was barred by the doctrine of *res*

*judicata.* On June 3, 1999, the trial court dismissed count I of Sherrod's complaint with prejudice and concluded that pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304), there was no just reason for delay in the enforcement or appeal of this order. Sherrod appeals.

■ When a trial court rules upon a motion to dismiss, the court is compelled to construe all pleadings and supporting documentation in the light most favorable to the nonmoving party. See *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993). "Because this process does not require the court to weigh facts or determine credibility, appellate courts do not give a trial court's judgment deference[ ] but instead review the matter *de novo.*" *Toombs*, 245 Ill. App. 3d at 583, 615 N.E.2d at 51; see also *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330, 333 (1999), citing *Doe v. McKay*, 183 Ill. 2d 272, 274, 700 N.E.2d 1018, 1020 (1998).

Both the magistrate judge's recommendation and the district judge's order do not qualify the dismissal in any manner. Rule 41(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 41(b)) specifically states that "[u]nless the court *** otherwise specifies, a dismissal *** operates as an adjudication upon the merits." The rule contains certain limited exceptions allowing for dismissals without prejudice where the dismissal was for the lack of jurisdiction, for improper venue, or for the failure to join a party. Fed. R. Civ. P. 41(b). The rule in Illinois mirrors its federal counterpart. See 134 Ill. 2d R. 273. Therefore, unless this dismissal falls into one of these excepted categories, the federal dismissal order operated as a dismissal with prejudice. Clearly, this case does not involve venue or the failure to join a party, and so the question is whether or not the Illinois statutory physician's report requirements are jurisdictional in nature.

Before we address that issue, we briefly look at the limitations problem Sherrod faced in refiling his complaint.

The medical negligence at issue is alleged to have occurred during the month of March 1995, and as the statute of limitations for such claims is two years from the date the claimant knew or learned of the injury (see 735 ILCS 5/13—212 (West 1996)), Sherrod's statute of limitations expired in March 1997, almost 21 months before he filed his state claim.

His federal claim was dismissed on December 5, 1997. Assuming that the federal dismissal was jurisdictional in nature, section 13—217 of the Code (735 ILCS 5/13—217 (West 1996)) allows for the refiling of the case even after the expiration of the statute of limitations, provided that the refiling occurs within one year from the dismissal. Again, assuming that the December 5, 1997, federal dismissal was jurisdictional

in type, then Sherrod could refile his claim in state court by December 5, 1998. In 1998, December 5 fell on a Saturday, and accordingly Sherrod's state court complaint needed to be filed by Monday, December 7, 1998. See 5 ILCS 70/1.11 (West 1996). Sherrod's complaint arrived at the Franklin County circuit clerk's office on the correct day, but it did not actually get filed until Wednesday, December 9, 1998.

Sherrod also asks us to address the issue of the receipt of his complaint by the Franklin County circuit clerk's office. Because we conclude that the *res judicata* issue is dispositive, we do not address the late-filing-date issue.

■ The doctrine of *res judicata* would bar Sherrod's state court complaint against Dr. Shroff and Dr. Ramaswamy if a final judgment on the merits was entered by a court of competent jurisdiction and if the parties and the cause of action were identical in both lawsuits. See *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35, 665 N.E.2d 1199, 1204 (1996). There is no doubt that the parties and the cause of action at issue are identical. Whether or not the federal dismissal amounted to a final judgment on the merits is in dispute. Therefore, we now turn to that issue.

Most recently, this issue was addressed by the supreme court in *DeLuna v. Treister*, 185 Ill. 2d 565, 708 N.E.2d 340 (1999) (*DeLuna II*). DeLuna is the administrator of Alicia DeLuna's estate. See *DeLuna II*, 185 Ill. 2d at 568, 708 N.E.2d at 342. Alicia DeLuna died following a lumbar laminectomy allegedly negligently performed by Dr. Treister. See *DeLuna II*, 185 Ill. 2d at 568, 708 N.E.2d at 342. The estate administrator filed suit but failed to attach the health care professional report required by section 2—622 of the Code, contending that the requirement was unconstitutional. See *DeLuna II*, 185 Ill. 2d at 569, 708 N.E.2d at 342. Ultimately, the supreme court determined that the health care professional report requirement was constitutional, affirming the trial court's earlier dismissal of DeLuna's complaint for failing to attach the report and reversing the appellate court's conclusion that the report requirement was unconstitutional. See *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992) (*DeLuna I*). Thereafter, DeLuna refiled the complaint alleging the same acts of medical negligence. See *DeLuna II*, 185 Ill. 2d at 570, 708 N.E.2d at 343. Dr. Treister sought to have the complaint dismissed on the basis that the previous dismissal had been an adjudication on the merits, and as the parties and the issue were identical to those contained in the original complaint, Dr. Treister argued that DeLuna was prohibited from refiling the complaint by the doctrine of *res judicata*. See *DeLuna II*, 185 Ill. 2d at 570, 708 N.E.2d at 343. The circuit court agreed, but the appellate court disagreed. See *DeLuna II*,

185 Ill. 2d at 570-71, 708 N.E.2d at 343. The supreme court addressed the pleading requirements of section 2—622 of the Code. See *DeLuna II*, 185 Ill. 2d at 572-80, 708 N.E.2d at 344-48.

■ The supreme court initially confirmed that the original circuit court determination dismissing DeLuna's complaint was "on the merits." See *DeLuna II*, 185 Ill. 2d at 572, 708 N.E.2d at 344. Supreme Court Rule 273 is explicit. Unless the dismissal is otherwise qualified or is for lack of jurisdiction, improper venue, or failure to join an indispensable party, the dismissal is with prejudice and thus "on the merits." See *DeLuna II*, 185 Ill. 2d at 572-73, 708 N.E.2d at 344, citing *Rein*, 172 Ill. 2d at 335-36, 665 N.E.2d at 1204-05; *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 74-75, 642 N.E.2d 456, 458 (1994); *DeLuna I*, 147 Ill. 2d at 76, 588 N.E.2d at 1147. Supreme Court Rule 273 will be applied in its plain terms in situations where the same party obtains an involuntary dismissal in an initial case and in a subsequent case asserts that the original dismissal operated as a final adjudication of the case's merits. See *DeLuna II*, 185 Ill. 2d at 578, 708 N.E.2d at 347, citing *Leow v. A&B Freight Line, Inc.*, 175 Ill. 2d 176, 184, 676 N.E.2d 1284, 1287-88 (1997).

Additionally, the court stated that the pleading requirement of section 2—622 of the Code "has no bearing on the authority or jurisdiction of a circuit court to decide a personal injury action or to grant the relief sought by a plaintiff." *DeLuna II*, 185 Ill. 2d at 579, 708 N.E.2d at 347. The supreme court reaffirmed the principle that technical pleading requirements, like the requirement of section 2—622 of the Code, are not jurisdictional. See *DeLuna II*, 185 Ill. 2d at 579-80, 708 N.E.2d at 347-48, citing *In re Custody of Sexton*, 84 Ill. 2d 312, 319-21, 418 N.E.2d 729, 732-33 (1981). A dismissal for the failure to comply with section 2—622 of the Code does not deprive the court of jurisdiction. See *DeLuna II*, 185 Ill. 2d at 580, 708 N.E.2d at 348.

*DeLuna II* does not represent new law but merely reiterates the supreme court's previously held opinions. Accordingly, the trial court's order dismissing Sherrod's complaint against Dr. Shroff and Dr. Ramaswamy was correct. The federal dismissal for failure to attach an adequate physician's report was an adjudication on the merits. As the dismissal was not jurisdictional in nature or otherwise excepted from the procedural rules governing involuntary dismissals, the subsequent suit was barred by the doctrine of *res judicata*.

For the foregoing reasons, the judgment of the circuit court of Franklin County is hereby affirmed.

Affirmed.

GOLDENHERSH, P.J., and HOPKINS, J., concur.