BEA, Circuit Judge, specially
concurring.
I concur in the memorandum disposition. I write separately because I think we should have dismissed Phyllis Landau’s appeal for lack of jurisdiction.[1] Res judi-cata barred Landau from becoming a class member. Because Landau was precluded from becoming a class member, she was not injured by the settlement and lacks standing to appeal. See United States v. Chesnoff, 62 F.3d 1144, 1145 (9th Cir.1995) (holding that a party lacks standing to appeal a lower court’s order if that party is not injured by the order). Thus, we should have dismissed Landau’s appeal. Nevertheless, that would not change the outcome of this case: the district court’s approval of the class action settlement should be affirmed.
Landau, a Pennsylvania resident, brought a claim against CNA in Illinois state court under the Illinois Consumer Fraud Act. Landau v. CNA Fin. Corp., 381 Ill.App.3d 61, 319 Ill.Dec. 642, 886 N.E.2d 405, 407 (2008). She brought the claim on behalf of herself and a nationwide class and alleged CNA, “through uniform deceptive sales and marketing practices,” misled putative class members into purchasing long term care insurance. Id. The trial court dismissed Landau’s claim without prejudice for failure to plead with sufficient specificity. Id. Landau then filed an amended complaint. Id. The trial court dismissed the amended complaint — this time with prejudice — on the ground “Landau lacked standing to bring the complaint in Illinois because the majority of circumstances related to the complaint occurred outside of Illinois.” Id.
The Appellate Court of Illinois affirmed. Id. However, that court explained the issue *633 was not one of standing. Id. Rather, dismissal was correct because the Illinois Consumer Fraud Act does not “apply to fraudulent transactions that take place outside Illinois.” Id. (citation omitted). Landau purchased her policy in Pennsylvania, and all contact with CNA representatives occurred in Pennsylvania. Id. at 408.
We must apply Illinois law to determine the preclusive effect of Landau’s Illinois claim on her claim as a class member in the instant case. See Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (“Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.” (citing 28 U.S.C. § 1738)); Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 326 (9th Cir.1995). There are three elements of res judicata under Illinois law: “(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies.” People ex rel. Burris v. Progressive Land Developers, Inc., 151 Ill.2d 285, 176 Ill.Dec. 874, 602 N.E.2d 820, 825 (1992). When res judicata applies, “the judgment in the former suit is conclusive not only as to all questions actually decided but as to all questions which might properly have been litigated and determined in that action.” Id. Here, all three elements are satisfied.
Landau’s claim in Illinois state court resulted in a final judgment on the merits because the trial court dismissed her claim with prejudice and the dismissal was not for lack of jurisdiction. Illinois Supreme Court Rule 273 provides: “Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, ... operates as an adjudication upon the merits.” Illinois courts apply the rule “according to its plain terms.” DeLuna v. Treister, 185 Ill.2d 565, 236 Ill.Dec. 754, 708 N.E.2d 340, 347 (1999). The trial court’s dismissal of Landau’s claim with prejudice was an involuntary dismissal. Further, the dismissal was not for lack of jurisdiction; rather, the dismissal related to the claim’s merits — whether Landau stated a claim under the Illinois Consumer Fraud Act. Because the Act lacks extraterritorial effect, Landau failed to state a claim.
The second res judicata requirement is also met because there is an identity between Landau’s cause of action in the Illinois court and the cause of action in the instant case. Illinois broadly defines cause of action: “If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and res judicata bars the latter action.” Progressive Land Developers, 176 Ill.Dec. 874, 602 N.E.2d at 825 (quoting Morris v. Union Oil Co., 96 Ill.App.3d 148, 51 Ill.Dec. 770, 421 N.E.2d 278 (1981)). Here, the facts that gave rise to Landau’s Illinois claim are the same facts that gave rise to the claim in the instant case. Both claims involved CNA’s sale of the same long term care insurance policies and the subsequent increase in premium rates. Both claims included, for example, allegations that CNA’s lapse rate assumptions were too high, and that CNA’s marketing materials led consumers to believe rates would not increase. Thus, there is an identity of cause of action.
Finally, there is an identity of parties. Landau sued CNA in her Illinois claim. CNA is also a defendant in the instant class action.
Because the three elements of res judi-cata under Illinois law are satisfied, Landau could not have brought the instant class action in Illinois state court. We, *634 too, must give preclusive effect to the judgment of the Illinois court. Clements, 69 F.3d at 326. Therefore, Landau was precluded from becoming a class member in the instant case and, thus, suffered no injury when the district court approved the class action settlement. Absent any injury, Landau lacked standing to appeal.
Therefore, I would dismiss Landau’s appeal for lack of jurisdiction.

. Two of the issues reached in the memorandum disposition were raised before the district court by only Landau: (1) whether the district court abused its discretion when it found class counsel and class representatives adequately represented the class; and (2) whether the district court abused its discretion when it awarded $5 million in costs, attorneys’ fees, and incentive payments to class representatives. The other appellant— Robert Johnson' — waived these issues because he did not raise them below. But waiver is not jurisdictional; thus, we had discretion to address the issues in our review of Johnson’s appeal. See AlohaCare v. Hawaii Dep't of Human Servs., 572 F.3d 740, 744 (9th Cir.2009) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.” (citation omitted)).