2025 IL App (1st) 251027-U

SECOND DIVISION
December 30, 2025

No. 1-25-1027

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

**IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT**

| | |
|---|---|
| MAHDEE MUHAMMAD, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County |
| | ) |
| v. | ) No. 246002617 |
| | ) |
| STATE FARM INSURANCE COMPANY, | ) Honorable |
| | ) Carrie E. Hamilton, |
| Defendant-Appellee. | ) Judge, Presiding |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred with the judgment.

**ORDER**

¶ 1     *Held*: We dismiss the appeal for lack of jurisdiction where the trial court's dismissal of plaintiff's complaint was not a final and appealable order.

¶ 2     Plaintiff Mahdee Muhammad appeals the circuit court's order dismissing his complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). On appeal, plaintiff contends that dismissal was improper where the conduct of defendant, State Farm Mutual Automobile Insurance Company (State Farm), induced plaintiff to believe that

his claim for roof damage was still under consideration, thus tolling the time for filing his complaint. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                                I. BACKGROUND

¶ 4      In August 2020, plaintiff applied for and obtained a homeowner's policy from State Farm to insure his residence at 1664 Euclid Avenue in Chicago Heights, Illinois. Relevant here, the policy covered losses to the "Dwelling" under Coverage A, and losses to personal property under Coverage B. The policy is not included in the record.

¶ 5      On August 20, 2022, a storm damaged plaintiff's residence. In his complaint, plaintiff alleged that the storm caused the roof to leak resulting in water damage inside the residence. Plaintiff filed a claim with State Farm, and adjuster Sarah Villanueva informed him that they would review his claim in three parts: (1) interior damage, (2) roof damage, and (3) personal property damage. On August 29, 2022, State Farm inspector Montrell Wallace inspected plaintiff's roof.

¶ 6      On September 13, 2022, State Farm informed plaintiff by letter that it would pay "$9,312.45 in settlement of your Dwelling claim." The letter provided that, "[b]ased upon the results of our discussion, site inspection and investigation, it was determined there was no accidental direct physical loss to the dwelling roof and exterior elevations." The losses covered by the policy were detailed in the enclosed "building estimate." The building estimate provided an explanation of the "replacement cost benefits" under "Coverage A – Dwelling – 35 Windstorm and Hail." The document restated State Farm's finding of "[n]o storm related damages *** to the roofing surface." Accordingly, none of State Farm's payment was allocated to the roof.

¶ 7      The September 13, 2022 letter also advised plaintiff of the following:

    "6. **Suit Against Us.** No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within

one year after the date of loss or damage. This one year period is extended by the number of days between the date that proof of loss was filed and the date the claim is denied in whole or in part.

Further, in accordance with Illinois law, we have computed the time remaining to file suit by adding the days the one-year period was tolled (stopped) to the date of the loss. Accordingly, any lawsuit brought in connection with this claim must be filed on or before 8/19/2023."

¶ 8 On September 15 or 16, 2022, State Farm requested photos or receipts regarding plaintiff's damaged personal property. On or about October 14, 2022, plaintiff received a check in the amount of $202.71 to cover drycleaning "under section 3 for personal property." On February 22, 2023, plaintiff received a payment of $1,319.80 for materials used to repair damaged property.

¶ 9 On March 1, 2024, plaintiff, proceeding *pro se*, filed a breach of contract complaint against State Farm. He alleged that State Farm "unreasonably delayed, undervalued, and ultimately failed to pay the full benefits due" for roof damage and personal property damage under the policy. On August 5, 2024, the trial court entered an order finding State Farm in default for failure to file an appearance or answer. The matter was subsequently set for a status hearing on October 15, 2024. On that date, State Farm filed an appearance, and the trial court entered an order vacating State Farm's default.

¶ 10 Plaintiff filed an amended complaint on January 23, 2025. State Farm filed a combined motion to dismiss pursuant to section 2-619.1 of the Code. State Farm argued that plaintiff's complaint should be dismissed under section 2-615 (735 ILCS 5/2-615 (West 2022)) where he failed to "plead any facts that would sufficiently set forth what the loss was and how it was covered under the policy." Plaintiff also "failed to plead sufficient facts to establish that [State Farm] failed

to carry out a term, promise, or a condition." State Farm argued that the complaint should be dismissed pursuant to section 2-619 (735 ILCS 5/2-619 (West 2022)), where plaintiff did not commence his action within the one-year period set forth in the policy. State Farm had informed plaintiff of the need to file a lawsuit on or before August 19, 2023. However, he filed his complaint almost seven months past that date.

¶ 11   On May 6, 2025, after a hearing, the trial court granted State Farm's motion to dismiss. The trial court's order stated:

> "[A]s to the Statute of Limitation[s] arguments regarding the September Denial Letter, Defendant's Motion to Dismiss is granted with prejudice as to this Count, and the losses as outlined in said Denial Letter (Exhibit A to Defendant's Motion). Further, Defendant's Motion to Dismiss is granted without prejudice as to Plaintiff's breach of contract claims regarding the alleged losses not outlined in the denial letter."

¶ 12   On May 7, 2025, plaintiff filed a third amended complaint. Therein, he alleged that State Farm failed to fully pay his remaining claims for personal property damage. Plaintiff also filed a motion to reconsider the trial court's May 5, 2025 order.

¶ 13   On May 30, 2025, the trial court denied the motion to reconsider. The court's order further stated that State Farm had 28 days to respond to plaintiff's third amended complaint, and the matter was "reset to July 30, 2025."

¶ 14   Plaintiff filed his notice of appeal on May 30, 2025.

¶ 15                                    II. ANALYSIS

¶ 16   Before considering the merits of plaintiff's appeal, this court has an independent duty to determine whether we have jurisdiction to hear the appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Supreme Court Rule 301 (eff. Feb. 1, 1994)

allows appeals from final judgments as a matter of right. An order is final and appealable if it either terminates the litigation between the parties on the merits or disposes of the parties' rights, either on the entire controversy or a separate branch thereof. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 19. We lack jurisdiction to review judgments, orders or decrees which are not final unless the supreme court rules give us that authority. *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 9.

¶ 17    The trial court in this case dismissed plaintiff's claim regarding his roof damage with prejudice, based on State Farm's September 13, 2022 denial letter. In general, a dismissal with prejudice is considered a final judgment. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). The dismissal of a claim with prejudice, however, may not be immediately appealable if other claims in the complaint were dismissed without prejudice. *Id.* at 502-03.

¶ 18    Here, although the trial court's May 6, 2025 order dismissed plaintiff's claim pertaining to roof damage with prejudice, the trial court dismissed his remaining claims regarding personal property damage *without prejudice*. The court's use of "without prejudice" language indicated its intent to allow plaintiff to refile his claim. *DeLuna v. Treister*, 185 Ill. 2d 565, 576 (1999). Plaintiff, in fact, subsequently filed a third amended complaint seeking damages only for the loss of personal property. Clearly, the May 6, 2025 order was not a final judgment as to plaintiff's claims for personal property damage.

¶ 19    Supreme Court Rule 304 (a) (eff. Mar. 8, 2016) provides that where there are multiple claims in a complaint, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court has made "an express written finding that there is no just reason for delaying either enforcement or appeal or both." The trial court's May 6, 2025 order contained no such language. Absent 304 (a) language, "any judgment that adjudicates fewer than all the claims *** is not enforceable or appealable and is subject to revision at any time before the

entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304 (a) (eff. Mar. 8, 2016).

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, we dismiss plaintiff's appeal for lack of jurisdiction.

¶ 22    Appeal dismissed.